IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MAUREEN DEAKIN, AND ALL OTHERS SIMILARLY SITUATED, *Plaintiff*, v. MAGELLAN HEALTH, INC., MAGELLAN HEALTHCARE, INC., MAGELLAN HEALTH SERVICES OF NEW MEXICO, INC., MERIT BEHAVIORAL CARE CORPORATION, & MAGELLAN HSRC, INC., *Defendants*. | Civil Action No. 1:17-cv-00773 ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Maureen Deakin brings this action individually, on behalf of those similarly situated, and on behalf of the proposed NM Class Members (defined below), and in support shows the Court the following:

### I.   SUMMARY

1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, ("FLSA") and an opt-out class action brought pursuant to the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law") and Federal Rule of Civil Procedure 23.

2. Defendants Magellan Health, Inc., Magellan Healthcare, Inc., Magellan Health Services of New Mexico, Inc., Merit Behavioral Care Corporation, and Magellan HSRC, Inc., (collectively, "Defendants" or "Magellan") employed Plaintiff and the respective class members as "Care Coordinators" whose primary job duties included (1) asking members standardized questions to collect data for care assessments, (2) inputting data into Defendants' automated

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT                                           Page - 1

computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and obtaining necessary authorizations from members; and (4) supplying members with additional information and resources to educate members concerning their health plan needs.

3.     Defendants misclassified Care Coordinators as exempt from federal and state mandated overtime pay, paid them a salary, and failed to pay Care Coordinators overtime pay despite Plaintiff and the Care Coordinators regularly working over 40 hours per workweek.

## II.     PARTIES

4.      Plaintiff Maureen Deakin ("Plaintiff" or "Deakin") worked as a Care Coordinator for Defendants in New Mexico during the three years prior to the filing of this case. Specifically, she was employed by Defendants from approximately September 2015 to the present. During this time, she worked over 40 hours in one or more workweeks. Her consent to participate is attached to this Complaint.

5.     Plaintiff brings this action individually and on behalf of those similarly situated ("FLSA Class Members") pursuant to the FLSA. The FLSA Class Members consist of Defendants' current and former employees, who worked more than 40 hours in at least one workweek in the last three years, who were paid a salary, and whose primary job duties included (1) asking members standardized questions to collect data for care assessments, (2) inputting data into Defendants' automated computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and obtaining necessary authorizations from members; and (4) supplying members with additional information and resources to educate members concerning their health plan needs. The FLSA Class Members include, without limitation, individuals working under such job titles as "Care Coordinator," "Behavioral Health Coordinator," "Integrated Health

Care Coordinator," "Social Work Care Coordinator," and all other job titles performing these same or similar duties.

6. Plaintiff also brings this action as a Rule 23 class action on behalf of all FLSA Class Members who worked for Defendants in New Mexico in at least one workweek over the prior three years ("NM Class Members"). The NM Class Members and FLSA Class Members are collectively referred to as "Class Members."

7. Defendant Magellan Health, Inc. is a Delaware corporation that has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

8. Defendant Magellan Healthcare, Inc. is a Delaware corporation and is a wholly owned subsidiary of Magellan Health, Inc. that has appointed Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for services of process.

9. Defendant Magellan Health Services of New Mexico, Inc. is a New Mexico corporation and is a subsidiary of Magellan Healthcare, Inc. that has appointed C T Corporation System, 206 S. Coronado Avenue, Espanola, New Mexico 87532 as its agent for service of process.

10. Defendant Merit Behavioral Care Corporation is a Delaware Corporation and is subsidiary of Magellan Healthcare, Inc. that has appointed Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for services of process.

11. Defendant Magellan HRSC, Inc. is an Ohio Corporation and is a subsidiary of Merit Behavioral Care Corporation that has appointed Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH 43215 as its agent for service of process.

### III.  JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiff's FLSA claim because that claim arises under federal law pursuant to 29 U.S.C. § 216(b) and pursuant to 28 U.S.C. § 1331.

13. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one NM Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District and because one or more of the Parties resides in this District.

### IV.  COVERAGE

15. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the respective Class Members.

16. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NM Wage Law.

17. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled materials, including computer and other equipment, to conduct medical assessments.

19. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

## V. FACTUAL ALLEGATIONS

20. Defendants have had business operations throughout the United States, including in New Mexico and this Judicial District, and their annual gross volume of sales made or business done exceed $500,000.00 per year.

21. Plaintiff has worked as a Care Coordinator for Defendants from approximately September 2015 to the present.

22. As a Care Coordinator, Plaintiff's primary job duties included (1) asking members standardized questions to collect data, (2) inputting data into Defendants' automated computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and obtaining necessary authorizations from members; and (4) supplying members with additional information and resources to educate members concerning health plan needs.

23. These job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance to Defendants.

24. Plaintiff routinely worked over 40 hours per week.

25. Defendants did not pay Plaintiff overtime pay for all hours she worked in excess of 40 per workweek.

26. Instead of providing Plaintiff with overtime pay, Defendants classified Plaintiff as exempt and paid her a salary with no overtime pay for her many hours of overtime work.

27. Defendants knew that Plaintiff worked in excess of 40 hours per week.

28. Plaintiff is entitled to receive overtime pay for all the hours she worked in excess of 40 per workweek.

29. Defendants willfully misclassified Plaintiff as exempt and refused to pay her overtime pay, despite (1) having awareness of the FLSA's minimum wage and overtime requirements; (2) routinely receiving complaints from Plaintiff and the respective Class Members regarding their pay and not being paid for overtime hours; (3) paying workers who performed substantially similar, nonexempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiff overtime.

## VI.  COLLECTIVE AND CLASS ALLEGATIONS

30. Plaintiff brings her FLSA claim as a collective action under 29 U.S.C. § 216(b), and her New Mexico Wage Law Claims as a class action under Federal Rule of Civil Procedure 23. Her Consent to join this suit is attached as Exhibits A.

31. The similarly situated FLSA Class Members consist of Defendants' current and former employees paid on a salary basis whose primary job duties included (1) asking members standardized questions to collect data for care assessments, (2) inputting data into Defendants' automated computer systems, (3) coordinating care by performing such ministerial tasks arranging appointments, referrals, and obtaining necessary authorizations from members; and (4) supplying members with additional information and resources to educate members concerning their health plan needs. The FLSA Class Members include, without limitation, such job titles as "Care Coordinator," "Behavioral Health Coordinator," "Integrated Health Care Coordinator," "Social Work Care Coordinator" and all job titles performing similar duties.

32. Plaintiff brings her class action on behalf of the respective NM Class Members, which is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

33. The NM Class Members are so numerous that their joinder is impracticable. While the precise number of the NM Class Members is unknown, at least 100 NM Class Members have worked at least one workweek of more than 40 hours in New Mexico over the past three years.

34. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including: (1) whether Defendants violated NM Wage Law by failing to pay the NM Class Members overtime compensation for all hours worked in excess of forty in an individual workweek; (2) the proper measure of damages sustained by the NM Class Members; and (3) whether Defendants should be enjoined for such violations in the future.

35. Plaintiff's claims are typical of those of the NM Class Members. Plaintiff and the NM Class Members (1) had the same primary job duties; (2) were classified as exempt from overtime; (3) worked in New Mexico in at least one workweek in the respective statutory periods; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all overtime hours worked.

36. Plaintiff will fairly and adequately protect the NM Class Members' interests and has retained counsel experienced in complex wage and hour class action litigation.

37. This class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdictions in which Defendants do business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendants.

38. This class action is maintainable under subsection (2) of Rule 23(b) because Defendants acted or refused to act on grounds generally applicable to the NM Class Members, making final injunctive and/or declaratory relief appropriate to the NM Class Members as a whole.

39. This class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed NM Class Members to the extent required by Fed. R. Civ. 23(c).

41. This class action is also maintainable under subsection (4) of Rule 23(b) with respect to particular legal and factual issues raised in this litigation.

## VII. COUNT ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

42. Plaintiff incorporates all allegations previously made in this Complaint.

43. During the relevant period, Defendants violated and continue to violate Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing Plaintiff and other FLSA Class Members in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

44. Defendants acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

### VIII.   COUNT TWO:  VIOLATION OF THE NEW MEXICO WAGE LAW

45. Plaintiff incorporates all allegations previously made in this Complaint.

46. Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

47. During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages.

49. Plaintiff and the NM Class Members are entitled to their unpaid wages, plus an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Law.

50. Pursuant to N.M. Stat. Ann. 50-4-32, Plaintiff and the NM Class Members are entitled to recover for all violations that occurred as part of Defendants' continued course of conduct regardless of the date on which they occurred.

## IX.     RELIEF SOUGHT

51.     Plaintiff, individually and on behalf of the respective Class Members, prays for judgment against Defendants, jointly and severally, as follows:

- a. For an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

- b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join this suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join this suit);

- c. For an Order awarding Plaintiff (and those who may be included in this suit) the costs of this action;

- d. For an Order awarding Plaintiff (and those who may be included in this suit) attorneys' fees;

- e. For an Order awarding Plaintiff (and those who may be included in this suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

- f. For an Order certifying the NM Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under applicable NM law, and for designation of Plaintiff's counsel as class counsel;

- g. For an Order awarding Plaintiff and the NM Class Members damages pursuant to N.M. Stat. Ann. 50-4-26;

- h. For an Order awarding Plaintiff and the NM Class Members damages for all violations, regardless of the date on which they occurred, as a result of

    Defendants' continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

i. For an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights under applicable federal and state law; and

j. For a service payment to the Plaintiff for services provided on behalf of the class;

k. For an award of pre- and post- judgment interest; and

l. For such other and further legal or equitable relief as this Court deems to be just and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
Siegel Law Group, PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. It will be served on Defendants along with a summons of this action in compliance with the Federal Rules of Civil Procedure.

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**