IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MAUREEN DEAKIN, AND ALL
OTHERS SIMILARLY SITUATED,

      Plaintiff,

      v.                                      No. 17-CV-0773-WJ-KK

MAGELLAN HEALTH, INC.,
MAGELLAN HEALTHCARE, INC.,
MAGELLAN HEALTH SERVICES OF
      NEW MEXICO INC.,
MERIT BEHAVIORAL CORPORATION, &
MAGELLAN HSRC, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
ALLEGATIONS IN HER FIRST AMENDED COMPLAINT**

THIS MATTER comes before the Court upon Defendants Magellan Health, Inc. ("Magellan Health"), Magellan Healthcare, Inc., Magellan Health Services of New Mexico, Inc., Merit Behavioral Care Corporation, and Magellan HRSC, Inc. (collectively "Defendants") Motion to Dismiss Plaintiff's Class Action Allegations in her First Amended Complaint (**Doc. 35, filed 1/9/18**). Having reviewed the parties' briefs and the applicable law, the Court finds that Defendants' Motion is not well-taken, and is, therefore, **DENIED**.

**BACKGROUND**

Plaintiff Maureen Deakin ("Plaintiff") is suing Defendants to recover unpaid overtime wages that she alleges Defendants failed to pay her and other employees in accordance with the federal and state law. Plaintiff's First Amended Class and Collective Action Complaint, Doc. 32, filed 12/12/17. Plaintiff asserts two counts: Failure to Pay Wages in Accordance with the Fair

1

Labor Standards Act (Count I) and Violation of the New Mexico Wage Law (Count II). Doc. 32, ¶ 30. Plaintiff brings this action individually and on behalf of similarly situated employees pursuant to the Fair Labor Standards Act, and also as a Rule 23 class action pursuant to the New Mexico Wage Law. Doc. 32, ¶¶ 5, 6. Also pending before this Court is Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification ("Motion for Conditional Certification"). Doc. 26, filed 10/24/17. Pursuant to the Order entered by U.S. Magistrate Judge Kirtan Khalsa, the Defendants' deadline for responding, if necessary, to Plaintiff's Motion for Conditional Certification (Doc. 26) was extended to thirty (30) days from the date of the Court's ruling on this Motion to Dismiss (Doc. 35). Doc. 39, filed 2/5/18.

Plaintiff alleges that she worked for Defendants over the past two years, and that she worked for over forty hours per week for one or more weeks in New Mexico during her employment. Doc. 32, ¶ 4. Plaintiff alleges that Defendants misclassified her and certain of her coworkers "as exempt from federal and state mandated overtime pay, paid them a salary, and failed to pay them overtime despite regularly working over 40 hours per workweek." Doc. 32, ¶ 3. Plaintiff provides a description of the job duties and job titles of the members of the potential class, which she labels as "Care Management Employees" ("CMEs"). Doc. 32 at ¶ 2. Plaintiff acknowledges that "CME" is not a label Defendants use for job positions, but is one she uses "[f]or purposes of this lawsuit." Doc. 32, ¶ 2. Plaintiff asserts that the FLSA Class Members include, "without limitation, the following job titles in Defendants' 'care management' job family': 'Care Coordinator,' 'Care Manager,' 'Case Manager,' 'Utilization Management Professional,' 'FAA Care Manager,' 'Care Worker,' 'Social Work Care Manager,' 'Case Manager,' 'Customer Care Manager,' and other job titles performing the same or similar duties related to care management/utilization review." Doc. 32, ¶ 31. She also asserts that the job duties

2

of class members include "Data Collection, Data Entry, Care Utilization, Plan Education, Care Coordination, or other similar duties related to care management or utilization review." Doc. 32, ¶ 31.[1] Plaintiff provides that members of the proposed class must have been employed for at least one week by Defendants, that they must have been paid on a salary basis by Defendants, and that they must have been engaged in nonsupervisory work. Doc. 32, ¶¶ 31, 35. Plaintiff expressly excludes the job titles "Military and Family Life Counselor" and "Military and Family Life Advocate" from the class. Doc. 32, ¶5.

Plaintiff maintains that dismissal is improper at this stage because she has sufficiently narrowed the parameters of the class and shown that there is a class of "similarly situated" individuals. Doc. 40 at 8–10. She further argues that Defendants' motion is premature and that the issues are more properly considered at the close of discovery. *Id.*

Defendants seek an Order dismissing Plaintiff's class action allegations, pursuant to Federal Rules of Civil Procedure12(b)(6), 23(c)(1)(A), 23(d)(1)(D), and 12(f). Doc. 35. Defendants argue that "[b]ecause Plaintiff has redefined the putative class in her Amended Complaint to be so overly broad so as to make class membership unascertainable, the class allegations in her Amended Complaint should be dismissed." Doc. 35 at 4. Defendants contend that "Plaintiff's Amended Complaint potentially includes all of Defendants' employees throughout the United States who have worked for Defendants in the last two years, regardless of the material differences between their jobs." Doc. 35 at 5. Defendants also take issue with Plaintiff's grouping of the jobs descriptions and titles into the "Care Management Employees"

---

[1] "The main job duties of CMEs consist of communicating with and gathering data from members to document members' medical circumstances in Defendants' computer system ('Data Collection'), inputting member data into Defendants' computer system ('Data Entry'), using established guidelines to maximize utilization of plan resources through application of predetermined criteria ('Care Utilization'), providing information to members and providers regarding plan benefits and resources to address members healthcare needs ('Plan Education'), and working with members and providers to set up medical care ('Care Coordination'), and other similar work (collectively 'Care Management Work')." Doc. 32 at ¶ 2.

class, as Defendants claim that the "purpose of all Defendants' employees is to provide care management to Defendant's members." Doc. 35 at 6. Defendants further argue that the characterizations of duties are too broad. They cite, for example, that a duty such as "data entry" can apply to all "employees who type member information into computers during the work day," or that "data collection" can include many employees whose jobs have little in common, ranging from nurses to social workers to administrative assistants. Doc. 35 at 6. Defendants limit the grounds of their motion to the overbreadth of the putative class[2] in Plaintiff's First Amended Complaint, so the Court's examination of the Rule 12(b)(6) motion is contained to this issue.

## DISCUSSION

**I.      The Fair Labor Standards Act and the New Mexico Minimum Wage Act**

The relevant portion of the Fair Labor Standards Act ("FLSA") requires that employees who work more than forty hours in a week are compensated at a rate of at least than one and one-half times the employee's regular hourly wage. 29 U.S.C. § 207(a)(1); *see* NMSA § 50-4-22(D) ("New Mexico Minimum Wage Act") (providing similar overtime wage requirements to the FLSA). The FLSA creates a private cause of action for individual employees, and it also allows an employee to bring a collective action on behalf of "similarly situated" employees to recover unpaid or overtime wages, along with liquidated damages. 29 U.S.C. § 216(b); *see* NMSA § 50-4-26(D) (providing any one or more employees may bring an action to recover wages "for other employees similarly situated"). Because the FLSA does not define "similarly situated," the Tenth Circuit has affirmed a two-part ad hoc approach that allows each court to determine, typically at the initiation and the close of discovery, whether the proposed class members are sufficiently

---

[2]      Plaintiff takes issue with Defendants' reference to the collective and class actions as one concept, but the Court agrees with Defendants that it is not necessary to distinguish between the two at this juncture. *Accord Cooper v. Coil Chem, LLC*, No. CIV-16-473-D, 2016 U.S. Dist. LEXIS 169884, at *10 n.5 (W.D. Okla. Dec. 8, 2016) ("On this issue, the Court finds no meaningful distinction between class actions brought under Rule 23 and collective actions brought pursuant to § 216(b).").

4

similarly situated. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Unlike under Federal Rule of Civil Procedure 23 regarding class actions, putative class members under the FLSA must opt into the class rather than opt out. *Id.* at 1102.

## II.     Motion to Dismiss Standard

The district court will deny a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556–57). A plaintiff is not required to prove her case at the pleading stage, and the Court does not examine the merits of claims or weigh the evidence when considering a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 556 ("A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."). At this stage, the complaint must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555 (citation and quotation marks omitted).

## III.    Collective Action Analysis

While there is no authority or guidance on this issue from the Tenth Circuit, district courts in this Circuit and others have determined that when applying the standards for a Rule 12(b)(6) motion to a collective action claim under the FLSA, a court may grant a motion to dismiss prior to ruling on class certification when the complaint has not presented a plausible claim for relief. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (stating a

5

complaint alleges that a class is "similarly situated" under the FLSA when it provides "that the putative class members were together the victims of a single decision, policy, or plan"). At the pleading stage, a court will not examine the merits of the FLSA collective action claim; instead, the court will examine whether the complaint provides the defendant with fair notice of the grounds of the claim for relief, brought by a class of plaintiffs who are sufficiently similarly situated. *See Cooper v. Coil Chem, LLC*, No. CIV-16-473-D, 2016 U.S. Dist. LEXIS 169884, at *11–12 (W.D. Okla. Dec. 8, 2016) ("[C]ourts refuse to conduct a full inquiry into such allegations at the pleading stage; rather, they simply evaluate the complaint to determine whether such claims create a plausible entitlement to relief by the putative class members to survive a motion to dismiss."); *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632, 2011 U.S. Dist. LEXIS 76793, at *14 (D. Colo. July 14, 2011) ("To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff."). A court may grant the motion to dismiss the collective action claim if the complaint fails to provide fair notice of the "similarly situated" putative class because the class is insufficiently defined or significantly overbroad. *Lenore v. Okla. Blood Inst.*, No. CIV-17-1326-M, 2018 U.S. Dist. LEXIS 25492, at *3–4 (W.D. Okla. Feb. 16, 2018) ("In order to withstand a motion to dismiss a collective action claim, a plaintiff must give the defendant 'fair notice' of the putative class."); *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (granting motion to dismiss because "plaintiffs fail to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated'").

Defendants rely on the district courts' dismissals of the plaintiff's collective action claims in *Cooper* and *Flores*, but those cases are distinguishable because the parameters of the classes

were overly broad, such that they did not provide fair notice to the defendants of the class members. In *Cooper*, the proposed class consisted of "all individuals employed by Coil Chem, LLC in the past 3 years who were paid a salary and a job bonus." 2016 U.S. Dist. LEXIS 169884, at *13. In *Flores*, the complaint alleged that "Named Plaintiffs seek to represent a nationwide class of all persons who worked or work for Defendants and who were/are subject to Defendants' unlawful pay practices and policies at any point from three years prior to the filing of the instant matter to the present . . . ." 55 F. Supp. 3d at 940. Comparatively, Plaintiff here provides job descriptions, including specific job titles and duties, for her proposed class. Doc. 32, ¶ 31 (listing job titles). She asserts that the job duties of class members include "Data Collection, Data Entry, Care Utilization, Plan Education, Care Coordination, or other similar duties related to care management or utilization review." Doc. 32, ¶ 31. Members of the proposed class must have been employed for at least one week by Defendants over the past three years, been paid on a salary basis by Defendants, and been engaged in nonsupervisory work. Doc. 32, ¶¶ 31, 35. Plaintiff excludes the job titles "Military and Family Life Counselor" and "Military and Family Life Advocate". Doc. 32, ¶5. The Court finds that Plaintiff has sufficiently defined the class with these specific criteria so as to provide Defendants with fair notice of the putative class.

While Defendants take issue with the label of "CMEs" as applied to these positions, and with the broad scope of duties attributable to class members, Defendants' arguments are better-situated for a response opposing conditional certification. The Tenth Circuit's two-step approach to conditional certification allows the courts to determine on a case-by-case basis whether the class members are sufficiently similarly situated. *See Thiessen v. GE Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); *accord Flores*, 55 F. Supp. 3d at 934 ("Whereas a motion to dismiss requires only giving the defendant fair notice of the putative class, receiving conditional

certification requires plaintiffs to produce evidence which allows the Court to conclude that a reasonable basis exists for finding that there are other similarly situated employees who wish to opt-in to the action." (citation and quotation marks omitted)). Granting Defendant's Motion to Dismiss at this time would interfere with the procedural roles each of these mechanisms was intended to serve. *See Flores*, 55 F. Supp. 3d at 934 ("This arguably more liberal Rule 12(b)(6) standard allows both the rule and the certification process to play their proper role in the management of collective actions."); *see also Cooper*, 2016 U.S. Dist. LEXIS 169884, at *11 ("[F]ederal courts have nonetheless viewed motions to strike or dismiss collective action allegations at the pleading stage with disfavor.").

On a final note, the Court is loath to waste time reading antagonistic comments. These unhelpful remarks were provided by counsel for Plaintiff (Doc. 40 at 10–11). While Plaintiff's counsel are licensed to practice in the State of Texas, since they are appearing on behalf of Plaintiff in this Court, they are bound by the local rules of this Court, which incorporate the Creed of Professionalism as articulated by the Supreme Court of New Mexico. *See* D.N.M.LR-Civ. 83.9. The Court recommends that Plaintiff's counsel spend a few minutes reviewing this Creed of Professionalism because the Court is placing all counsel on notice that if this degree of incivility is presented again in the future, the Court will order the offending attorney to show cause why he or she should not be subject to sanctions. This Court expects the attorneys who appear in the Court to be respectful at all times, with no exception to attorneys whose offices are primarily located out-of-state. As such, the Court denies Plaintiff's motion for attorney's fees and further notes that while Defendants' motion is denied, the motion was not frivolous and appears to have been made in good faith.

8

For the reasons set forth in this Memorandum Opinion and Order, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Class Action Allegations in her First Amended Complaint **(Doc. 35, filed 1/9/18)**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE