IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAUREEN DEAKIN, AND ALL
OTHERS SIMILARLY SITUATED,

    Plaintiffs,

v.                                                                                                              1:17-CV-00773-WJ-KK

MAGELLAN HEALTH, INC.,
MAGELLAN HEALTHCARE, INC.,
MAGELLAN HEALTH SERVICES OF
NEW MEXICO, INC., MERIT
BEHAVIORAL CARE CORPORATION,
& MAGELLAN HSRC, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
TO ADD PARTY AND CLAIMS**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Amend Complaint to Add Party and Claims ("Motion") (**Doc. 114**). Having reviewed the parties' briefing and the applicable law, the Court finds that the Motion is well-taken and is, therefore, **GRANTED**.

BACKGROUND

This is a class action wherein Plaintiff asserts that she, and other employees like her, were misclassified by Defendants as exempt employees and thus not paid overtime wages for hours worked in excess of forty per week in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 113 at 1.) This action, like many of those before it, combines the FLSA claims with similar claims under analogous state laws. Plaintiff Maureen Deakin ("Plaintiff") has made a claim under New Mexico state law and proposed newly named Plaintiffs, Rachel Clerge, Cheryl Johnson, Lesly Mitchell, May Wojcik, and Dale Kessler ("Proposed Newly Named Plaintiffs"), seek to add claims

under Massachusetts, Maryland, Missouri, New York, and Pennsylvania state laws, respectively.[1] (*See* Doc. 114-1.)

These Plaintiffs, while newly proposed as *named* plaintiffs, are not "new" to this litigation in the strictest sense of the word. FLSA class actions are opt-in, as opposed to opt-out, actions. *Compare* 29 U.S.C. § 216(b), *and Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989), *with* Fed. R. Civ. P. 23. The Proposed Newly Named Plaintiffs have each affirmatively opted-in and are thus already part of this litigation as members of the FLSA class. (*See* Docs. 94, 87, 69, 76, 81.) The issue, then, is whether the Court should grant leave to amend to allow these Plaintiffs to bring state claims on behalf of themselves and their state-specific classes and, if so, whether those claims would relate back to the filing of the original complaint.

## DISCUSSION

**I.      Amendment is Proper and Not Untimely or Unduly Prejudicial.**

Under the Federal Rules of Civil Procedure, courts are instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has admonished that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Determining whether to grant leave to amend a pleading is an exercise in the Court's discretion. *State Distributor's, Inc. v. Glenmore Distilleries, Co.,* 738 F. 2d 405, 416 (10th Cir. 1984). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc., et al. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman*, 371 U.S. at 182); *see also* 3 Moore's Federal Practice – Civil §

---

[1] Defendants make a passing reference to the fact that "some of the [opt-in] consents" were filed after the opt-in period. (Doc. 116 at 2.) However, Defendants do not develop this argument, nor attack the addition of the Proposed Newly Named Plaintiffs on these grounds. Accordingly, the Court does not address this argument.

15.15 (2019). Here, Defendants aver that Plaintiff's Motion should be denied as untimely and unduly prejudicial. The Court addresses each of those arguments in turn.

### A. Plaintiff's Motion is Timely.

In the Tenth Circuit, untimeliness alone has been held a sufficient reason to deny leave to amend. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Here, Plaintiff filed the instant motion on May 2, 2019, well before the June 11, 2019, amendment deadline set by the Court based on the parties' recommendation in their Joint Status Report. (*See* Docs. 104 at 2, 107 at 1.) While this case is aged, with the original complaint having been filed over two years ago, procedurally it is still in its nascency, and discovery has not yet begun.[2]

Defendants argue that because Plaintiff's counsel purportedly made on-the-record assertions that he would seek to amend and would file leave to amend prior to the deadline, the instant motion is untimely. (Doc. 116 at 9.) They contend that because the Magistrate Judge instructed that any known amendments should be filed "promptly," (Doc. 106 at 1), there has been "undue delay" in the filing of the motion amend. But in a Joint Status Report from February 2019, the parties reported that Plaintiff planned to amend the Complaint "to add several state wage law class action allegations." (Doc. 104 at 4.) Moreover, Defendants did not object to the proposed deadline to amend. While Plaintiff's counsel's vague and sometimes inconsistent assertions about Plaintiff's intended amendments may have been confusing, the Court does not find that they were made in bad faith; instead, they were the result of Plaintiff's counsel's personal circumstances,

---

[2] While the Court declines to provide a summary of the procedural history of this case in painstaking detail here, the Court's review of the docket shows that Defendants have requested numerous extensions in this case. For example, Defendants delayed responding to Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification for nearly ten months. While those extensions were consented to by opposing counsel and approved by the Court, Defendants are nonetheless not in a strong position to cite the length of these proceedings as weighing against amendment, since at least some of those delays were precipitated by Defendants. *See Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 325 (D.D.C. 2011) (explaining that the length of litigation is not a sufficient justification for denying leave to amend).

which he candidly explained to the Court. (*See* Doc. 117-1.) In any case, Plaintiff's desire to amend to add newly named plaintiffs and state law claims from other states within the agreed to deadline should be no surprise to Defendants. Indeed, it strikes the Court that Defendants' argument on this point undermines their prejudice arguments, addressed below, in that Defendants have clearly known that amendment was forthcoming for months.

Additionally, Defendants have not pointed to a single case, Tenth Circuit or otherwise, where a motion for leave to amend filed *before* the amendment deadline was held to be untimely. The lone case cited by Defendants on this specific point is a district court case from the Northern District of West Virginia where the Court was considering a motion for leave to file a fourth amended complaint *after* the deadline to amend had passed. *See Westfall v. Kendle Int'l, CPU, LLC*, No. 1:05-CV-00118, 2007 WL 486606, at * 5 (N.D. W. Va. Feb. 15, 2007). That is not the case here. Here, Plaintiff filed for leave to amend well in advance of the amendment deadline. The Court sees no merit in Defendants' argument that a motion to amend filed before the deadline to do so is nevertheless untimely. *See Bayview Loan Servicing, LLC v. Boland*, No. 08-cv-00566, 2008 WL 4059856, at *2 (D. Colo. Aug. 29, 2008) (finding no evidence of undue delay, prejudice or bad faith where a plaintiff moved to amend within the deadline set forth by the Court's scheduling order); *Hull v. Viega, Inc.*, No. 12-2086, 2014 WL 896621, at *8 (D. Kan. Mar. 6, 2014) (permitting amendment where the case was still in its early procedural stages despite having been pending for over a year because plaintiffs were "still technically within the window of time to amend").

The Court assumes that the Magistrate Judge took her previous statements into account when determining the amendment deadline and, being fully advised, set that deadline for June 11, 2019. Defendants point to nothing in the record that demonstrates otherwise and, indeed, concede

that the Magistrate Judge set the June 11, 2019 deadline during the same telephonic conference where she advised that known amendments should be filed "promptly," indicating that the Court made an informed decision. (Doc. 116 at 3.) The Court agrees with other courts that the amendment deadline would be rendered meaningless if a motion to amend filed before the deadline was held untimely. *See Cont'l Cars, Inc. v. Mazda Motor of Am., Inc.*, Case No. C11-5266 BHS, 2012 U.S. Dist. Lexis 102875, at *4 (W.D. Wash. July 24, 2012). Accordingly, the Court finds that there was no undue delay by Plaintiff, and the motion was timely filed.

### B. Defendants Will Suffer No Undue Prejudice if Amendment is Allowed.

The most important "factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Prejudice is typically found where amendment would unfairly affect a defendant's preparation of its defense. *Id.* at 1208. "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Prejudice can also be demonstrated where a party "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendment[] been timely." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981). However, where a party has ample notice and an ample opportunity to respond, that party is not unduly prejudiced. *See Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009).

Here, the core subject matter—whether Plaintiffs were properly classified as exempt employees—remains the same if amendment is allowed. Where this is the case, the Tenth Circuit has held leave should be granted. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (holding that the district court abused its discretion in not allowing amendment where the new claims

tracked the factual background set forth with the original claims); *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (likewise finding abuse of discretion and stating that the denial of leave was "particularly egregious . . . because the subject matter of the amendment was already alleged in the complaint"); and *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751–52 (10th Cir. 1975) (addressing the issue of amendment on remand less than six weeks before trial and finding no prejudice when "[t]he amendments did not propose substantially different issues").

Defendants further argue that the motion should be denied because amendment will alter the scope, size, and course of this lawsuit nearly two years after it was first filed. (Doc. 116 at 5.) But Defendants' own motion practice is at least partly to blame for the protracted nature of this case. Further, this argument is only asserted in conclusory terms, without reference to an example of the specific prejudice Defendants face if amendment is allowed. Whatever expansion of the case amendment may bring, this Court cannot say that the increased effort and expense which may be required is unduly prejudicial. *See Bylin*, 568 F.3d at 1231 (10th Cir. 2009) (explaining that "the expenditure of time, money and effort alone is not grounds for a finding of undue prejudice").

The Court also sees no merit in Defendants' unsupported claim that amendment alters the claims and defenses at issue. It appears to the Court that this case turns on the proper classification of plaintiffs and whether, under that classification, plaintiffs were entitled to overtime. Defendants decline to explain how the addition of plaintiffs located in different states changes the central question, and the Court will not speculate on their behalf. Amendment will not drastically alter Defendants' theory of the case, as their primary defense is that Plaintiffs were properly classified as exempt and that they complied will the relevant statutes. (Doc. 104 at 4.) The Court does not see how this central theory changes with the addition of claims under state law.

Defendants also point to the opt-in nature of FLSA class actions versus the opt-out nature of Rule 23 class actions as a reason to deny amendment. Specifically, they argue that Congress intended to limit the number of plaintiffs in a FLSA class action, an intention which will be undermined if the Court allows Plaintiffs to pursue a hybrid suit with the FLSA and state law class actions governed by different procedural rules. (Doc. 116 at 6.) But Defendants point to no binding authority which prohibits hybrid actions. (*Id.*) In fact, there is significant authority reaching the opposite conclusion. *See, e.g., Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 977 (7th Cir. 2011) (rejecting the argument hybrid actions undermine Congressional policy); *Lindsay v. GEICO*, 488 F.3d 416, 424 (D.C. Cir. 2006) (holding that their different procedural requirements do not render FLSA and state wage law class actions incompatible). Even assuming Defendants have correctly distilled Congress' motives, and further assuming that the logical conclusion to be drawn therefrom is that Congress intended to prohibit hybrid actions, Defendants fail to explain how a hybrid action operates to unduly prejudice them. Surely defending against a hybrid suit is a complicated undertaking, but no more so than other complex class action litigation. Accordingly, the Court finds no specific prejudice to Defendants in allowing amendment.

Lastly, Defendants contend that the requested amendments will expand discovery. (Doc. 116 at 7.) In support of this argument, Defendants summarily assert that they will have to conduct a "significant amount of *additional* discovery." (*Id.* at 8 (emphasis added).) But this argument implies that this case has progressed into discovery, which it has not. The Court does not read the cases cited by Defendant to hold, as Defendants suggest, that having to conduct more discovery than if there were no state law claims is prejudicial; rather, the cases indicate that prejudice comes from having to conduct more discovery than what has already been conducted. *See, e.g., McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998); *Aguilar v. Mgmt. & Training*

7

*Corp.*, Civil No. 16-00050, 2017 WL 3278946, at *4 (finding that any additional discovery would be prejudicial when discovery was nearly closed and would have to be reopened); *Hallissey v. Am. Online, Inc.*, No. 99-CIV-3785, 2009 WL 2222739, at 3 (concluding amendment would be prejudicial when the case had already been litigated for ten years and extensive discovery had already been conducted). As Defendants concede, the contours of this case are not yet defined. (*See* Doc. 116 at 4 (explaining that an agreement has not yet been "reached regarding the scope of discovery or representative discovery in light of Plaintiff's intent to file" for leave to amend).) Accordingly, because the scope of this lawsuit is not yet settled, at this stage of the proceedings there is no reason why Plaintiff should not be allowed to amend. The strategic considerations Defendants point to are part and parcel of the ordinary inconveniences that accompany defending against any complex lawsuit. They do not rise to the level of undue prejudice.

    **II.    The Amendments Relate Back.**

    Fed. R. Civ. P. 15(c) deals with whether an amendment will be treated as though it was filed at an earlier date rather than the actual date of filing—that is, whether the amendment "relates back" to the date the original pleading was filed. Under this rule, an amendment "relates back" to the date of the original pleading if the "amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *A Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)); *see also* Fed. R. Civ. P. 15(c)(1)(B). Put another way, an amendment relates back to the complaint where they both allege the same "general conduct" and "general wrong." *Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.*, 877 F.3d 687, 694 (6th Cir. 2017). Conversely, an amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.*

8

Here, the plain language of Rule 15 supports the relation back of the amendments to the original pleading because the amendments clearly contemplate the same conduct set out in the original complaint. The heart of this dispute is whether Plaintiffs were entitled to overtime compensation. While the new state law claims are pled under different states' overtime statutes, both the state law class claims and the FLSA claim related to unpaid overtime for a category of employees defined by the Class Notice. The claims arise out of the same course of conduct—the alleged failure to pay overtime to this defined class of employees—set forth in the original complaint. Thus, if Defendants actions are as alleged, those actions would violate wage law, federal or state, in the same manner, *i.e.*, the improper classification of Plaintiffs and the corresponding failure to pay overtime wages. Additionally, the Proposed Newly Named Plaintiffs are, and have been, members of the original FLSA class. As such, Defendants knew or should have known that they would be required to defend against those Plaintiffs' wage claims. *See Plubell v. Merck & Co.*, 434 F.3d 1070, 1073 (8th Cir. 2006) (reasoning that a newly added plaintiff was "only 'newly-added' in that she became the named class representative" and explaining that because she was already a putative class member the defendant was on notice of her claim).

Defendants suggest that the Court should analyze whether the amendments relate back under Rule 15(c)(1)(C), which addresses the addition of parties. (*See* Doc. 116 at 10–12.) While the plain language of this subsection contemplates only the addition of defendants, in light of the advisory commentary to the Rule other courts have adopted an analogous approach to the addition of plaintiffs. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131–32 (11th Cir. 2004). Although there does not appear to be a definitive test in the Tenth Circuit, some courts have considered whether or not: (1) the new plaintiff's claim arises out of the same conduct, transaction

9

or occurrence set forth in the original complaint; (2) the new plaintiff shares an identify of interest with the original plaintiff; (3) the defendants had fair notice; and (4) the defendants will be prejudiced. *See Plummer v. Farmers Group, Inc.*, 388 F. Supp.2d 1310, 1315–16 (E.D. Okla. 2005). The Court finds that test is not applicable here. First, Defendants point to no binding authority calling for its use, nor has the Court been able to locate any. Second, the test is ill-suited to the class action context, where all members of the class are parties, albeit unnamed. In this context, the Proposed Newly Named Plaintiffs are not "new" but rather newly named as representatives of state law classes. The nature and factual background of the claims in this case remains unchanged by this designation. Additionally, even if the test above were the applicable test in this Circuit, the Court finds it would not be applicable here because it contemplates "new" parties and these Plaintiffs are not new. They have been part of the putative class since the beginning of this suit and have affirmatively opt-ed in as class members. *See Plubell* 434 F.3d at 1073 (8th Cir. 2006).

## CONCLUSION

Plaintiff filed her Motion to Amend before the deadline to amend expired. The amendments relate to the same underlying facts as the original complaint, *i.e.*, whether Plaintiff and others like her were properly classified as exempt and thus not entitled to overtime wages. As such, Plaintiff's motion was timely and relates back. Defendants will suffer no undue prejudice if amendment is allowed. Therefore, Plaintiff's Motion for Leave to Amend Complaint to Add Party and Claims (**Doc. 114**) is **GRANTED**.

**IT IS SO ORDERED.**

CHIEF UNITED STATES DISTRICT JUDGE