## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MAUREEN DEAKIN, RACHEL CLERGE, CHERYL JOHNSON, LESLEY MITCHELL, MAY WOJCIK, DALE KESSLER, AND ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiffs*, <br><br> v. <br><br> MAGELLAN HEALTH, INC., MAGELLAN HEALTHCARE, INC., MAGELLAN HEALTH SERVICES OF NEW MEXICO, INC., MERIT BEHAVIORAL CARE CORPORATION, & MAGELLAN HSRC, INC., <br><br> *Defendants*. | No. 1:17-cv-00773-LF-KK |

## SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Maureen Deakin, Rachel Clerge, Cheryl Johnson, Lesley Mitchell, May Wojcik, and Dale Kessler ("Plaintiffs") file this Second Amended Class and Collective Action Complaint ("Complaint") against Defendants Magellan Health, Inc., Magellan Healthcare, Inc., Magellan Health Services of New Mexico, Inc., Merit Behavioral Corporation, and Magellan HSRC, Inc., (collectively, "Defendants" or "Magellan").

**Nature of This Lawsuit**

1.      As explained by Magellan, "its entire company purpose is to deliver behavioral health and employee assistance program services; specialty health. and

integrated provides integrated care management to health plans, employers, Medicaid, Medicare and the Federal Government."[1]

2.      Put another way, Magellan partners with healthcare providers and health insurance providers to improve the quality and cost of medical care.

3.      Defendant employed Plaintiff and other individuals to perform utilization review and case management functions to attempt to reduce the quality and costs of medical care.

4.      Defendant employed Plaintiff and other individuals to perform similar job duties under various job titles within its "Clinical Services Group"[2] containing the terms "Care Manager" or "Care Coordinator" in the job title (collectively, "Care Management Employees").

5.      Defendant paid Care Management Employees a salary.

6.      Defendant's Care Management Employees regularly worked over 40 hours per week.

7.      Defendant classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

8.      In fact, Defendant's Care Management Employees primarily performed non-exempt work, including asking members standardized questions to collect data regarding

---

[1] ECF 51, p. 19.
[2] Defendant has apparently renamed its "Care Management" job family as its "Clinical Services Group" job family since the time this case was filed. See http://bit.ly/Magellan-Careers (recategorizing job openings for job titles formerly included in Defendants' own described "Care Management" job family to its new "Clinical Services Group" job family.

the members' medical circumstances ("Data Collection"); inputting answers to those questions into Defendant's computer system ("Data Entry"); using established guidelines to maximize utilization of plan resources through the application of predetermined criteria ("Care Utilization"); coordinating care by performing ministerial tasks like arranging appointments, referrals, and obtaining necessary authorizations from members ("Care Coordination"); supplying members with information and resources to educate members concerning their health plan needs ("Plan Information"); and other similar work ("Care Management Work").

9.     Care Management Employees' job duties did not involve providing direct medical care or traditional nursing care in a clinical setting.

10.    Because Defendants' Care Management Employees primarily performed non-exempt work, Defendant violated the Fair Labor Standards Act and various state laws by failing to pay Care Management Employees overtime when they worked over 40 hours per workweek.

11.    Plaintiffs bring this action on behalf of themselves and other similarly situated Care Management Employees, who due to Defendants' misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

12.    Plaintiff Deakin also brings class action claims under New Mexico law under the New Mexico state law under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, *et seq*.

13.     Plaintiff Clerge also brings class action claims under Massachusetts state law under the Massachusetts Minimum Fair Wage Law ("MAWL"), Mass. Gen. L. ch. 151, § 1A.

14.     Plaintiff Johnson also brings class action claims under Maryland state law under the Maryland Wage and Hour Law ("MDWL"), Md. Code Ann. Lab. & Empl. §§ 3–401, *et seq.*

15.     Plaintiff Mitchell also brings class action claims under Missouri state law under the Missouri Minimum Wage Law ("MOWL"), Mo. Rev. Stat. § 290.500, *et seq.* ("MOWL");

16.     Plaintiff Wojcik also brings class action claims under New York state law under the New York Minimum Wage Act, Labor Law § 650 et seq. ("MWA"), the New York Wage Payment Act, Labor Law § 190 et seq., and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "NYLL")

17.     Plaintiff Kessler also brings class action claims under Pennsylvania state law under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*

18.     Plaintiffs bring their respective state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay them and other Care Management Employees for all earned overtime pay.

**The Parties**

19.     Plaintiff Deakin worked for Defendant as a Care Management Employee in this Judicial District from September 2015 to the present.

20.     Plaintiff Clerge worked for Defendant as a Care Management Employee in Massachusetts from December 2016 to the present.

21.     Plaintiff Johnson worked for Defendant as a Care Management Employee in Maryland from September 2016 to November 2016.

22.     Plaintiff Mitchell worked for Defendant as a Care Management Employee in Missouri from September 2015 to the present.

23.     Plaintiff Wojcik worked for Defendant as a Care Management Employee in New York from December 2015 to June 2018.

24.     Plaintiff Kessler worked for Defendant as a Care Management Employee in Pennsylvania from December 1999 to April 2017.

25.     Defendant Magellan Health, Inc., is a Delaware corporation that has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

26.     Defendant Magellan Healthcare, Inc., is a Delaware corporation and is a wholly owned subsidiary of Magellan Health, Inc., that has appointed Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for services of process.

27.     Defendant Magellan Health Services of New Mexico, Inc., is a New Mexico corporation and is a subsidiary of Magellan Healthcare, Inc., that has appointed C T Corporation System, 206 S. Coronado Avenue, Espanola, New Mexico 87532 as its agent for service of process.

28.     Defendant Merit Behavioral Care Corporation is a Delaware Corporation and is subsidiary of Magellan Healthcare, Inc., that has appointed Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its agent for services of process.

29.     Defendant Magellan HRSC, Inc., is an Ohio Corporation and is a subsidiary of Merit Behavioral Care Corporation that has appointed Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH 43215.

**Jurisdiction and Venue**

30.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claim arises under federal law. *See* U.S.C. § 216(b).

31.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as Plaintiffs' FLSA claims.

32.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District and because one or more of the parties resides in this District.

**Factual Allegations**

33.     Plaintiff Deakin worked as Care Management Employee for Defendants.

34.     Plaintiff Clerge worked as a Care Management Employee for Defendants.

35.     Plaintiff Johnson worked as a Care Management Employee for Defendants.

36.     Plaintiff Mitchell worked as a Care Management Employee for Defendants.

37.     Plaintiff Wojcik worked as a Care Management Employee for Defendants.

38.     Plaintiff Kessler worked as Care Management Employee for Defendants.

39.     During her employment with Defendants, Plaintiff Deakin primarily performed Care Management Work.

40.     During her employment with Defendants, Plaintiff Clerge primarily performed Care Management Work.

41.     During her employment with Defendants, Plaintiff Johnson primarily performed Care Management Work.

42.     During her employment with Defendants, Plaintiff Mitchell primarily performed Care Management Work.

43.     During her employment with Defendants, Plaintiff Wojcik primarily performed Care Management Work.

44.     During her employment with Defendants, Plaintiff Kessler primarily performed Care Management Work.

45.     During her employment, Plaintiff Deakins' job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

46.     During her employment, Plaintiff Clerge's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

47.     During her employment, Plaintiff Johnson's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

48.     During her employment, Plaintiff Mitchell's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

49.     During her employment, Plaintiff Wojcik's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

50.     During her employment, Plaintiff Kessler's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

51.     During her employment, Plaintiff Deakins' job duties did not include the providing medical care or traditional nursing care in a clinical setting or providing direct medical care.

52.     During her employment, Plaintiff Clerge's job duties did not include the providing medical care or traditional nursing care in a clinical setting or providing direct medical care.

53.     During her employment, Plaintiff Johnson's job duties did not include the providing medical care or traditional nursing care in a clinical setting or providing direct medical care.

54.     During her employment, Plaintiff Mitchell's job duties did not include the providing medical care or traditional nursing care in a clinical setting or providing direct medical care.

55.    During her employment, Plaintiff Wojcik's job duties did not include the providing medical care or traditional nursing care in a clinical setting or providing direct medical care.

56.    During her employment, Plaintiff Kessler's job duties did not include the providing medical care or traditional nursing care in a clinical setting or providing direct medical care.

57.    Defendants required Plaintiff Deakin to work over 40 hours in one or more individual workweeks.

58.    Defendants required Plaintiff Clerge to work over 40 hours in one or more individual workweeks.

59.    Defendants required Plaintiff Johnson to work over 40 hours in one or more individual workweeks.

60.    Defendants required Plaintiff Mitchell to work over 40 hours in one or more individual workweeks.

61.    Defendants required Plaintiff Wojcik to work over 40 hours in one or more individual workweeks.

62.    Defendants required Plaintiff Kessler to work over 40 hours in one or more individual workweeks.

63.    During her employment with Defendants, Plaintiff Deakins worked over 40 hours in one or more individual workweeks.

64.    During her employment with Defendants, Plaintiff Clerge worked over 40 hours in one or more individual

65.     During her employment with Defendants, Plaintiff Johnson worked over 40 hours in one or more individual workweeks.

66.     During her employment with Defendants, Plaintiff Mitchell worked over 40 hours in one or more individual workweeks.

67.     During her employment with Defendants, Plaintiff Wojcik worked over 40 hours in one or more individual workweeks.

68.     During her employment with Defendants, Plaintiff Kessler worked over 40 hours in one or more individual workweeks.

69.     Defendants classified Plaintiff Deakin as exempt from the overtime provisions of the FLSA and NMMWA.

70.     Defendants classified Plaintiff Clerge as exempt from the overtime provisions of the FLSA and MAWL.

71.     Defendants classified Plaintiff Johnson as exempt from the overtime provisions of the FLSA and MDWL.

72.     Defendants classified Plaintiff Mitchell as exempt from the overtime provisions of the FLSA and MOWL.

73.     Defendants classified Plaintiff Wojcik as exempt from the overtime provisions of the FLSA and NYLL.

74.     Defendants classified Plaintiff Kessler as exempt from the overtime provisions of the FLSA and PMWA.

75.     Defendants paid Plaintiff Deakins a salary.

76.     Defendants paid Plaintiff Clerge a salary.

77.     Defendants paid Plaintiff Johnson a salary.

78.     Defendants paid Plaintiff Mitchell a salary.

79.     Defendants paid Plaintiff Wojcik a salary.

80.     Defendants paid Plaintiff Kessler a salary.

81.     When Plaintiff Deakins worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

82.     When Plaintiff Clerge worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff her overtime at one-and-one-half times her regular rate of pay.

83.     When Plaintiff Johnson worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

84.     When Plaintiff Mitchell worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff her overtime at one-and-one-half times her regular rate of pay.

85.     When Plaintiff Wojcik worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

86.     When Plaintiff Kessler worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

87.     Defendants are an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

88.     Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

89.     Defendants have made more than $500,000 in sales made or business done in each of the last three calendar years.

90.     During her employment, Plaintiff Deakin was an "employee" of Defendant Magellan Health, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

91.     During her employment, Plaintiff Clerge was an "employee" of Defendant Magellan Health, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

92.     During her employment, Plaintiff Johnson was an "employee" of Defendant Magellan Health, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

93.     During her employment, Plaintiff Mitchell was an "employee" of Defendant Magellan Health, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

94.     During her employment, Plaintiff Wojcik was an "employee" of Defendant Magellan Health, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

95.     During her employment, Plaintiff Kessler was an "employee" of Defendant Magellan Health, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

96.     During her employment, Plaintiff Deakin was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

97.     During her employment, Plaintiff Clerge was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

98.     During her employment, Plaintiff Johnson was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

99.     During her employment, Plaintiff Mitchell was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

100.     During her employment, Plaintiff Wojcik was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

101.     During her employment, Plaintiff Kessler was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

102.     During her employment, Plaintiff Deakin was an "employee" of Defendants Magellan Health Services of New Mexico, Inc, Merit Behavioral Health Corporation, and Magellan HRSC, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

103.     During her employment, Plaintiff Clerge was an "employee" of Defendants Magellan Health Services of New Mexico, Inc, Merit Behavioral Health Corporation, and Magellan HRSC, Inc. c. as defined by the FLSA in 29 U.S.C. 203(e).

104.     During her employment, Plaintiff Johnson was an "employee" of Defendants Magellan Health Services of New Mexico, Inc, Merit Behavioral Health Corporation, and Magellan HRSC, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

105.     During her employment, Plaintiff Mitchell was an "employee" of Defendants Magellan Health Services of New Mexico, Inc, Merit Behavioral Health Corporation, and Magellan HRSC, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

106.     During her employment, Plaintiff Wojcik was an "employee" of Defendant Magellan Health Services of New Mexico, Inc, Merit Behavioral Health Corporation, and Magellan HRSC, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

107.     During her employment, Plaintiff Kessler was an "employee" of Defendant Magellan Health Services of New Mexico, Inc, Merit Behavioral Health Corporation, and Magellan HRSC, Inc.  as defined by the FLSA in 29 U.S.C. 203(e).

108.    During her employment, Plaintiff Deakin was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the FLSA in 29 U.S.C. 203(e).

109.    During her employment, Plaintiff Deakins was an "employee" of Defendant Magellan Health, Inc. as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

110.    During her employment, Plaintiff Deakins was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

111.    During her employment, Plaintiff Deakins was an "employee" of Defendant Magellan Health Services of New Mexico, Inc. as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

112.    During her employment, Plaintiff Deakins was an "employee" of Defendant Merit Behavioral Health Corporation as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

113.    During her employment, Plaintiff Deakins was an "employee" of Defendant Magellan HRSC, Inc. as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

114.    During her employment, Plaintiff Clerge was an "employee" of Defendant Magellan Health, Inc. as defined by the MAWL in Mass. Gen. L. ch. 151, § 1A.

115.    During her employment, Plaintiff Clerge was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the MAWL in Mass. Gen. L. ch. 151, § 1A.

116.    During her employment, Plaintiff Clerge was an "employee" of Defendant Magellan HRSC, Inc. as defined by the MAWL in Mass. Gen. L. ch. 151, § 1A.

117.    During her employment, Plaintiff Johnson was an "employee" of Defendant Magellan Health, Inc. for purposes of the MDWL.

118.    During her employment, Plaintiff Johnson was an "employee" of Defendant Magellan Healthcare, Inc. for purposes of the MDWL.

119.    During her employment, Plaintiff Johnson was an "employee" of Defendant Magellan HRSC, Inc. for purposes of the MDWL.

120.    During her employment, Plaintiff Mitchell was an "employee" of Defendant Magellan Health, Inc., as defined by the MOWL in § 290.500(3).

121.    During her employment, Plaintiff Mitchell was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the MOWL in § 290.500(3).

122.    During her employment, Plaintiff Mitchell was an "employee" of Defendant Magellan HRSC, Inc. as defined by the MOWL in § 290.500(3).

123.    During her employment, Plaintiff Wojcik was an "employee" of Defendant Magellan Health, Inc., as defined by the MOWL in § 290.500(3).

124.    During her employment, Plaintiff Wojcik was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the MOWL in § 290.500(3).

125.    During her employment, Plaintiff Wojcik was an "employee" of Defendant Magellan HRSC, Inc. as defined by the MOWL in § 290.500(3).

126.    During her employment, Plaintiff Kessler was an "employee" of Defendant Magellan Health, Inc., as defined by the PMWA in § 333.103(h).

127.    During her employment, Plaintiff Kessler was an "employee" of Defendant Magellan Healthcare, Inc. as defined by the PMWA in § 333.103(h).

128.    During her employment, Plaintiff Kessler was an "employee" of Defendant Magellan HRSC, Inc. as defined by the PMWA in § 333.103(h).

129.   During her employment, Defendant Magellan Health, Inc. was Plaintiff Deakins "employer" as defined under the FLSA in § 203(d).

130.   During her employment, Defendant Magellan Health, Inc. was Plaintiff Clerge's "employer" as defined under the FLSA in § 203(d).

131.   During her employment, Defendant Magellan Health, Inc. was Plaintiff Johnson's "employer" as defined under the FLSA in § 203(d).

132.   During her employment, Defendant Magellan Health, Inc. was Plaintiff Mitchell's "employer" as defined under the FLSA in § 203(d).

133.   During her employment, Defendant Magellan Health, Inc. was Plaintiff Wojcik's "employer" as defined under the FLSA in § 203(d).

134.   During her employment, Defendant Magellan Health, Inc. was Plaintiff Kessler's "employer" as defined under the FLSA in § 203(d).

135.   During her employment, Defendants were Plaintiff Deakins' "employer" as defined under the FLSA in § 203(d).

136.   During her employment, Defendants were Plaintiff Clerge's "employer" as defined under the FLSA in § 203(d).

137.   During her employment, Defendants were Plaintiff Johnson's "employer" as defined under the FLSA in § 203(d).

138.   During her employment, Defendants were Plaintiff Mitchell's "employer" as defined under the FLSA in § 203(d).

139.   During her employment, Defendants were Plaintiff Wojcik's "employer" as defined under the FLSA in § 203(d).

140.    During her employment, Defendants were Plaintiff Kessler's "employer" as defined under the FLSA in § 203(d).

141.    During her employment, Defendant Magellan Health, Inc. was Plaintiff Deakins' "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

142.    During her employment, Defendant Magellan Healthcare, Inc was Plaintiff Deakins' "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

143.    During her employment, Defendant Magellan Health Services of New Mexico, Inc. was Plaintiff Deakins' "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

144.    During her employment, Defendant Merit Behavioral Health Corporation was Plaintiff Deakins' "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

145.    During her employment, Defendant Magellan HRSC, Inc. was Plaintiff Deakins' "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

146.    During her employment, Defendant Magellan Health, Inc. was Plaintiff Clerge's "employer" as that term is defined under Massachusetts law as defined by the MAWL at 454 Mass Code Regs. § 27.02.

147.    During her employment, Defendant Magellan Healthcare, Inc was Plaintiff Clerge's "employer" as defined by the MAWL at 454 Mass Code Regs. § 27.02.

148.    During her employment, Defendant Magellan Health Services of New Mexico, Inc. was Plaintiff Clerge's "employer" as defined by the MAWL at 454 Mass Code Regs. § 27.02.

149.    During her employment, Defendant Merit Behavioral Health Corporation was Plaintiff Clerge's "employer" as defined by the MAWL at 454 Mass Code Regs. § 27.02.

150.    During her employment, Defendant Magellan HRSC, Inc. was Plaintiff Clerge's "employer" as defined by the by the MAWL at 454 Mass Code Regs. § 27.02.

151.    During her employment, Defendant Magellan Health, Inc. was Plaintiff Johnson's "employer" as defined under the MDWL in § 3–401(b).

152.    During her employment, Defendant Magellan Healthcare, Inc was Plaintiff Johnson's "employer" as defined under the MDWL in § 3–401(b).

153.    During her employment, Defendant Magellan Health Services of New Mexico, Inc. was Plaintiff Johnson's "employer" as defined under the MDWL in § 3–401(b).

154.    During her employment, Defendant Merit Behavioral Health Corporation was Plaintiff Johnson's "employer" as defined under the MDWL in § 3–401(b).

155.    During her employment, Defendant Magellan HRSC, Inc. was Plaintiff Johnson's "employer" as defined under the MDWL in § 3–401(b).

156.    During her employment, Defendant Magellan Health, Inc. was Plaintiff Mitchell's "employer" as defined under the MOWL in § 290.500(3).

157.    During her employment, Defendant Magellan Healthcare, Inc was Plaintiff Mitchell's "employer" as defined under the MOWL in § 290.500(3).

158.    During her employment, Defendant Magellan Health Services of New Mexico, Inc. was Plaintiff Mitchell's "employer" as defined under the MOWL in § 290.500(3).

159.    During her employment, Defendant Merit Behavioral Health Corporation was Plaintiff Mitchell's "employer" as defined under the MOWL in § 290.500(3).

160.    During her employment, Defendant Magellan HRSC, Inc. was Plaintiff Mitchell's "employer" as defined under the MOWL in § 290.500(3).

161.    During her employment, Defendant Magellan Health, Inc. was Plaintiff Wojcik's "employer" as defined under the NYLL in § 2(6).

162.    During her employment, Defendant Magellan Healthcare, Inc was Plaintiff Wojcik's "employer" as defined under the NYLL in § 2(6).

163.    During her employment, Defendant Magellan Health Services of New Mexico, Inc. was Plaintiff Wojcik's "employer" as defined under the NYLL in § 2(6).

164.    During her employment, Defendant Merit Behavioral Health Corporation was Plaintiff Wojcik's "employer" as defined under the NYLL in § 2(6).

165.    During her employment, Defendant Magellan HRSC, Inc. was Plaintiff Wojcik's "employer" as defined under the NYLL in § 2(6).

166.    During her employment, Defendant Magellan Health, Inc. was Plaintiff Kessler's "employer" as defined under the PMWA in § 333.103(g).

167.    During her employment, Defendant Magellan Healthcare, Inc was Plaintiff Kessler's "employer" as defined under the PMWA in § 333.103(g).

168.    During her employment, Defendant Magellan Health Services of New Mexico, Inc. was Plaintiff Kessler's "employer" as defined under the PMWA in § 333.103(g).

169.    During her employment, Defendant Merit Behavioral Health Corporation was Plaintiff Kessler's "employer" as defined under the PMWA in § 333.103(g).

170.    During her employment, Defendant Magellan HRSC, Inc. was Plaintiff Kessler's "employer" as defined under the PMWA in § 333.103(g).

**Collective Action Allegations**

171.    Plaintiffs brings their FLSA claims as a collective action.

172.    Plaintiffs' consent forms to participate in this action have been filed with teh Court.

173.    The collective action is defined as follows:

All individuals employed by Defendant as Care Management Employee in the last three years who were paid salary and no overtime, whose job title included the terms "Care Coordinator" or "Care Manager" in the job title, and who worked more than 40 hours in one or more individual workweeks ("Collective Action Members").

174.    Plaintiffs are similarly situated to the potential Collective Action Members because she was paid the same way they were paid and performed the same primary job duties they performed.

175.    In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiffs.

176.   Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

177.   Of employees Defendant classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

178.   Defendant maintained one or more common job descriptions for Care Management Employees.

179.   Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

180.   Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

181.   Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

182.   Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

183.   Plaintiffs Deakin, MA, MD, MO, NY, and PA also seek class certification under Fed. R. 23 of the following state law sub-classes:

184.   Plaintiffs Deakins, MA, MD, MO, NY, and PA also seek class certification under Fed. R. 23 of the following state law sub-classes:

a. All individuals employed by Defendants in New Mexico as non-supervisory Care Management Employees in the last three years who were paid salary and no overtime, whose job title included the terms "Care Coordinator" or "Care Manager" in the job title, and who worked more than 40 hours in one or more individual workweeks in one or more individual workweeks, (the "New Mexico Class");

b. All individuals employed by Defendants in Massachusetts as non-supervisory Care Management Employees in the last three years who were paid salary and no overtime, whose job title included the terms "Care Coordinator" or "Care Manager" in the job title, and who worked more than 40 hours in one or more individual workweeks in one or more individual workweeks, (the "Massachusetts Class").

c. All individuals employed by Defendants in Maryland as non-supervisory Care Management Employees in the last three years who were paid salary and no overtime, whose job title included the terms "Care Coordinator" or "Care Manager" in the job title, and who worked more than 40 hours in one or more individual workweeks in one or more individual workweeks, (the "Maryland Class").

d. All individuals employed by Defendants in Missouri as non-supervisory Care Management Employees in the last two years who were paid salary and no overtime, whose job title included the terms "Care Coordinator" or "Care Manager" in the job title, and who worked more than 40 hours in one or more individual workweeks in one or more individual workweeks, (the "Missouri Class").

e. All individuals employed by Defendants in New York as non-supervisory Care Management Employees in the last three years who were paid salary and no overtime, whose job title included the terms "Care Coordinator" or "Care Manager" in the job title, and who worked more than 40 hours in one or more individual workweeks in one or more individual workweeks, (the "New York").

f. All individuals employed by Defendants in Pennsylvania as non-supervisory Care Management Employees in the last three years who were paid salary and no overtime, whose job title included the terms "Care Coordinator" or "Care Manager" in the job title, and who worked more than 40 hours in one or more individual workweeks in one or more individual workweeks, (the "Pennsylvania Class").

185. The New Mexico Class has more than 40 members.

186.     As a result, the New Mexico Class is so numerous that joinder of all members is not practical.

187.     The Massachusetts Class has more than 40 members.

188.     As a result, the Massachusetts Class is so numerous that joinder of all members is not practical.

189.     The Maryland Class has more than 40 members.

190.     As a result, the Maryland Class is so numerous that joinder of all members is not practical.

191.     The Missouri Class has more than 40 members.

192.     As a result, the Missouri Class is so numerous that joinder of all members is not practical.

193.     The New York Class has more than 40 members.

194.     As a result, the New York Class is so numerous that joinder of all members is not practical.

195.     The Pennsylvania Class has more than 40 members.

196.     As a result, the Pennsylvania Class is so numerous that joinder of all members is not practical.

197.     There are questions of law or fact common to the New Mexico Class, including (1) whether the New Mexico Class primarily performed non-exempt work; (2) whether Defendants violated the NMMWA by refusing to pay the New Mexico Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the New Mexico Class as exempt from the overtime provisions of the NMMWA.

198.   There are questions of law or fact common to the Massachusetts Class, including (1) whether the Massachusetts Class primarily performed non-exempt work; (2) whether Defendants violated the MAWL by refusing to pay the Massachusetts Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Massachusetts Class as exempt from the overtime provisions of the MAWL.

199.   There are questions of law or fact common to the Maryland Class, including (1) whether the Maryland Class primarily performed non-exempt work; (2) whether Defendants violated the MDWL by refusing to pay the Maryland Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Maryland Class as exempt from the overtime provisions of the MDWL.

200.   There are questions of law or fact common to the Missouri Class, including (1) whether the Missouri Class primarily performed non-exempt work; (2) whether Defendants violated the MOWL by refusing to pay the Missouri Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Missouri Class as exempt from the overtime provisions of the MOWL.

201.   There are questions of law or fact common to the New York Class, including (1) whether the New York Class primarily performed non-exempt work; (2) whether Defendants violated the NYLL by refusing to pay the New York Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the New York Class as exempt from the overtime provisions of the NYLL.

202.   There are questions of law or fact common to the Pennsylvania Class, including (1) whether the Pennsylvania Class primarily performed non-exempt work; (2)

whether Defendants violated the PMWA by refusing to pay the Pennsylvania Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Pennsylvania Class as exempt from the overtime provisions of the PMWA.

203.    Plaintiff Deakins' overtime claims are typical of those of the New Mexico Class because they arise out of Defendants' uniform compensation practices.

204.    Plaintiff Clerge's overtime claims are typical of those of the Massachusetts Class because they arise out of Defendants' uniform compensation practices.

205.    Plaintiff Johnson's overtime claims are typical of those of the Maryland Class because they arise out of Defendants' uniform compensation practices.

206.    Plaintiff Mitchell's overtime claims are typical of those of the Missouri Class because they arise out of Defendants' uniform compensation practices.

207.    Plaintiff Wojcik's overtime claims are typical of those of the New York Class because they arise out of Defendants' uniform compensation practices.

208.    Plaintiff Kessler's overtime claims are typical of those of the Pennsylvania Class because they arise out of Defendants' uniform compensation practices.

209.    Defendants' defenses to Plaintiff Deakins' NMMWA claims are typical of its defenses to those of the New Mexico Class because they are grounded in the same compensation practices.

210.    Defendants' defenses to Plaintiff Clerge's MAWL claims are typical of its defenses to those of the Massachusetts Class because they are grounded in the same compensation practices.

211.    Defendants' defenses to Plaintiff Johnson's MDWL claims are typical of its defenses to those of the Maryland Class because they are grounded in the same compensation practices.

212.    Defendants' defenses to Plaintiff Mitchell's MOWL claims are typical of its defenses to those of the Missouri Class because they are grounded in the same compensation practices.

213.    Defendants' defenses to Plaintiff Wojcik's NYLL claims are typical of its defenses to those of the New York Class because they are grounded in the same compensation practices.

214.    Defendants' defenses to Plaintiff Kessler's PMWA claims are typical of its defenses to those of the Pennsylvania Class because they are grounded in the same compensation practices.

215.    Plaintiff Deakins can fairly and adequately protect the interests of the New Mexico Class because she is asserting the same claims as the New Mexico Class.

216.    Plaintiff Clerge can fairly and adequately protect the interests of the Massachusetts Class because she is asserting the same claims as the Massachusetts Class.

217.    Plaintiff Johnson can fairly and adequately protect the interests of the Maryland Class because she is asserting the same claims as the Maryland Class.

218.    Plaintiff Mitchell can fairly and adequately protect the interests of the Missouri Class because she is asserting the same claims as the Missouri Class.

219.    Plaintiff Wojcik can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the New York Class.

220.    Plaintiff Kessler can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the Pennsylvania Class.

221.    Plaintiff Deakins can fairly and adequately protect the interests of the New Mexico Class because she has no interests adverse to the New Mexico Class.

222.    Plaintiff Clerge can fairly and adequately protect the interests of the New Mexico Class because she has no interests adverse to the Massachusetts Class.

223.    Plaintiff Johnson can fairly and adequately protect the interests of the Maryland Class because she has no interests adverse to the Maryland Class.

224.    Plaintiff Mitchell can fairly and adequately protect the interests of the Maryland Class because she has no interests adverse to the Missouri Class.

225.    Plaintiff Deakins can fairly and adequately protect the interests of the New Mexico Class because she has retained counsel experienced in class action employment litigation.

226.    Plaintiff Clerge can fairly and adequately protect the interests of the Massachusetts Class because she has retained counsel experienced in class action employment litigation.

227.    Plaintiff Johnson can fairly and adequately protect the interests of the Maryland Class because she has retained counsel experienced in class action employment litigation.

228.    Plaintiff Mitchell can fairly and adequately protect the interests of the Missouri Class because she has retained counsel experienced in class action employment litigation.

229.    Plaintiff Wojcik can fairly and adequately protect the interests of the New York Class because she has retained counsel experienced in class action employment litigation.

230.    Plaintiff Kessler can fairly and adequately protect the interests of the Pennsylvania Class because she has retained counsel experienced in class action employment litigation.

231.    The common questions of law and fact predominate over the variations which may exist between members of the New Mexico Class, if any.

232.    The common questions of law and fact predominate over the variations which may exist between members of the Massachusetts Class, if any.

233.    The common questions of law and fact predominate over the variations which may exist between members of the Maryland Class, if any.

234.    The common questions of law and fact predominate over the variations which may exist between members of the Missouri Class, if any.

235.    The common questions of law and fact predominate over the variations which may exist between members of the New York Class, if any.

236.    The common questions of law and fact predominate over the variations which may exist between members of the Pennsylvania Class, if any.

237.    Plaintiff Deakins and the members of the New Mexico Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

238.    Plaintiff Clerge and the members of the Massachusetts Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

239.    Plaintiff Johnson and the members of the Maryland Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

240.    Plaintiff Mitchell and the members of the Missouri Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

241.    Plaintiff Wojcik and the members of the New York Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

242.    Plaintiff Kessler and the members of the Pennsylvania Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

243.    If individual actions were required to be brought by each member of the New Mexico Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

244.    If individual actions were required to be brought by each member of the Massachusetts Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

245.     If individual actions were required to be brought by each member of the Maryland Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

246.     If individual actions were required to be brought by each member of the Missouri Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

247.     If individual actions were required to be brought by each member of the New York Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

248.     If individual actions were required to be brought by each member of the Pennsylvania Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

249.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New Mexico Class is entitled.

250.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Massachusetts Class is entitled.

251.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Maryland Class is entitled.

252.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Missouri Class is entitled.

253.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New York Class is entitled.

254.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Pennsylvania Class is entitled.

255.    The books and records of Defendants are material to the New Mexico Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

256.    The books and records of Defendants are material to the Massachusetts Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

257.    The books and records of Defendants are material to the Maryland Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

258.    The books and records of Defendants are material to the Missouri Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

259.    The books and records of Defendants are material to the New York Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

260.    The books and records of Defendants are material to the Pennsylvania Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
## Violation of the Fair Labor Standards Act
### (Collective Action)

261.    Plaintiffs incorporate here the previous allegations of this Complaint.

262.    This count arises from Defendants' violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members when they worked over 40 hours in individual workweeks.

263.    Plaintiff Deakins was not exempt from the overtime provisions of the FLSA.

264.    Plaintiff Clerge was not exempt from the overtime provisions of the FLSA.

265.    Plaintiff Johnson was not exempt from the overtime provisions of the FLSA.

266.    Plaintiff Mitchell was not exempt from the overtime provisions of the FLSA.

267.    Plaintiff Wojcik was not exempt from the overtime provisions of the FLSA.

268.    Plaintiff Kessler was not exempt from the overtime provisions of the FLSA.

269.    Plaintiff Clerge was not exempt from the overtime provisions of the FLSA.

270.    Plaintiff Johnson was not exempt from the overtime provisions of the FLSA.

271.    Plaintiff Mitchell was not exempt from the overtime provisions of the FLSA.

272.    Plaintiff Wojcik was not exempt from the overtime provisions of the FLSA.

273.   Plaintiff Kessler was not exempt from the overtime provisions of the FLSA.

274.   Collective Action Members were not exempt from the overtime provisions of the FLSA.

275.   Plaintiff Clerge was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

276.   Plaintiff Johnson was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

277.   Plaintiff Mitchell was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

278.   Plaintiff Wojcik was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

279.   Plaintiff Kessler was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

280.   Other Collective Action Members were directed to work and did work, over 40 hours in one or more individual workweeks.

281.   Defendants paid Plaintiff Deakins a salary and no overtime compensation.

282.   Defendants paid Plaintiff Clerge a salary and no overtime compensation.

283.   Defendants paid Plaintiff Johnson a salary and no overtime compensation.

284.   Defendants paid Plaintiff Mitchell a salary and no overtime compensation.

285.   Defendants paid Plaintiff Wojcik a salary and no overtime compensation.

286.   Defendants paid Plaintiff Kessler a salary and no overtime compensation.

287.    Defendants paid other Collective Action Members a salary and no overtime compensation.

288.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Deakins at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

289.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Clerge at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

290.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Johnson at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

291.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Mitchell at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

292.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Wojcik at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

293.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Kessler at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

294.   Defendants violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

295.   Defendants' violations of the FLSA were willful because it received complaints from Care Management Employees that alerted Defendants that it was paying one or more of those employees incorrectly.

296.   Alternatively, Defendants' violations of the FLSA were willful because it classified other employees who performed many of the same primary duties as Care Management Employees as non-exempt from the FLSA's overtime requirements.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendants as follows:

A.   All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B.   Pre-judgment and post-judgment interest;

C.   Liquidated damages equal to the unpaid overtime compensation due;

D.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.   Such other relief as the Court deems appropriate.

**COUNT II**
**Violation of the New Mexico Minimum Wage Act**
**(class action)**

297.    This count arises in part from Defendant's violations of the NMMWA by failing to pay overtime to Plaintiff Deakins and the New Mexico Class when they worked over 40 hours in individual workweeks.

298.    Defendant classified Plaintiff as exempt from the overtime provisions of the NMMWA.

299.    Defendant classified the Class as exempt from the overtime provisions of the NMMWA.

300.    Plaintiff was not exempt from the overtime provisions of the NMMWA.

301.    The New Mexico Class was not exempt from the overtime provisions of the NMMWA.

302.    Plaintiff Deakins was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

303.    The New Mexico Class was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

304.    Defendant violated the NMMWA by failing to pay Plaintiff and the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Deakins, on behalf of herself and the New Mexico Class, seek a judgment against Defendants as follows:

A.    Unpaid overtime wages due to Plaintiff Deakins and the New Mexico Class;

B.    Treble Damages;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this

lawsuit; and

D.     Such other relief as the Court deems appropriate.

## COUNT III
## Violation of the Massachusetts Wage & Hour Law
## Class Action

305.   Plaintiff Clerge incorporates here the previous allegations of this Complaint.

306.   This count arises from Defendants' violations of the MAWL by failing to

pay overtime to Plaintiff Clerge and the Massachusetts Class when they worked over 40

hours in individual workweeks.

307.   Defendants classified Plaintiff Clerge as exempt from the overtime

provisions of the MAWL.

308.   Defendants classified the Massachusetts Class as exempt from the overtime

provisions of the MAWL.

309.   Plaintiff Clerge was not exempt from the overtime provisions of the MAWL.

310.   The Massachusetts Class was not exempt from the overtime provisions of the

MAWL.

311.   Plaintiff Clerge was regularly directed to work by Defendants, and did work,

over 40 hours in individual workweeks.

312.   Defendants violated the MAWL by failing to pay Plaintiff Clerge and the

Massachusetts Class overtime at one and one-half times their regular rates of pay when

they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Clerge, on behalf of herself and the Massachusetts Class, seeks a judgment against Defendants as follows:

A.    All unpaid overtime wages due to Plaintiff Clerge and the Massachusetts Class;

B.    Treble damages;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.    Such other relief as the Court deems appropriate.

**COUNT IV**
**Violation of the Maryland Wage & Hour Law**
**Class Action**

313.   Plaintiff Johnson incorporates here the previous allegations of this Complaint.

314.   This count arises from Defendants' violations of the MDWHL by failing to pay overtime to Plaintiff Johnson and the Maryland Class when they worked over 40 hours in individual workweeks.

315.   Defendants classified Plaintiff Johnson as exempt from the overtime provisions of the MDWHL.

316.   Defendants classified the Maryland Class as exempt from the overtime provisions of the MDWHL.

317.   Plaintiff Johnson was not exempt from the overtime provisions of the MDWHL.

318.   The Maryland Class was not exempt from the overtime provisions of the MDWHL.

319.   Plaintiff Johnson was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

320.   Defendants violated the MDWHL by failing to pay Plaintiff Johnson and the Maryland Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Johnson, on behalf of herself and the Maryland Class, seeks a judgment against Defendants as follows:

A.   All unpaid overtime wages due to Plaintiff Johnson and the Maryland Class;

B.   Liquidated Damages;

C.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.   Such other relief as the Court deems appropriate.

## COUNT V
### Violation of the Missouri Minimum Wage Law
### Class Action

321.   Plaintiff Mitchell incorporates here the previous allegations of this Complaint.

322.   This count arises from Defendants' violations of the MOWL by failing to pay overtime to Plaintiff Mitchell and the Missouri Class when they worked over 40 hours in individual workweeks.

323.    Defendants classified Plaintiff Mitchell as exempt from the overtime provisions of the MOWL.

324.    Defendants classified the Missouri Class as exempt from the overtime provisions of the MOWL.

325.    Plaintiff Mitchell was not exempt from the overtime provisions of the MOWL.

326.    The Missouri Class was not exempt from the overtime provisions of the MOWL.

327.    Plaintiff Mitchell was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

328.    Defendants violated the MOWL by failing to pay Plaintiff Mitchell and the Missouri Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Mitchell, on behalf of herself and the Missouri Class, seeks a judgment against Defendants as follows:

A.    All unpaid overtime wages due to Plaintiff Mitchell and the Missouri Class;

B.    Liquidated damages;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.    Such other relief as the Court deems appropriate.

**COUNT VI**
**Violation of the New York Labor Law**
**(Class Action)**

329.    Plaintiff Wojcik incorporates here the previous allegations of this Complaint.

330.    This count arises in part from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff Wojcik and the New York Class when they worked over 40 hours in individual workweeks.

331.    Defendant classified Plaintiff Wojcik as exempt from the overtime provisions of the NYLL.

332.    Defendant classified the New York Class as exempt from the overtime provisions of the NYLL.

333.    Plaintiff Wojcik was not exempt from the overtime provisions of the NYLL.

334.    The New York Class was not exempt from the overtime provisions of the NYLL.

335.    Plaintiff Wojcik was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

336.    The New York Class was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

337.    Defendant violated the NYLL by failing to pay Plaintiff Wojcik and the New York Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

338.    In addition, Plaintiff Wojcik and the New York Class worked shifts of greater than ten hours without receiving additional "spread-of-hours" compensation from Defendant.

339.    This conduct violates the NYLL, and specifically the MWA's provisions requiring "spread-of-hours" pay, which require employers to pay additional "spread-of-hours" compensation to employees who work shifts of greater than 10 hours.

340.    Defendant nonetheless had a policy and practice of failing and refusing to pay "spread of hours" compensation to the New York Class for their shifts of greater than 10 hours.

WHEREFORE, Plaintiff Wojcik, on behalf of herself and the New York Class, seeks a judgment against Defendants as follows:

A.    All unpaid overtime wages due to Plaintiff Wojcik and the New York Class;

B.    Liquidated damages equal to the unpaid overtime compensation due;

C.    All "spread of hours" compensation which should have been paid to the New York Class for their shifts of greater than 10 hours.

D.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.    Such other relief as the Court deems appropriate.

**COUNT VI**
**Violation of the Pennsylvania Minimum Wage Act**
**Class Action**

341.    Plaintiff Kessler incorporates here the previous allegations of this Complaint.

342.    This count arises from Defendants' violations of the PMWA by failing to pay overtime to Plaintiff Kessler and the Pennsylvania Class when they worked over 40 hours in individual workweeks.

343.    Defendants classified Plaintiff Kessler as exempt from the overtime provisions of the PMWA.

344.    Defendants classified the Pennsylvania Class as exempt from the overtime provisions of the PMWA.

345.    Plaintiff Kessler was not exempt from the overtime provisions of the PMWA.

346.    The Pennsylvania Class was not exempt from the overtime provisions of the PMWA.

347.    Plaintiff Kessler was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

348.    Defendants violated the PMWA by failing to pay Plaintiff Kessler and the Pennsylvania Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Kessler, on behalf of herself and the Pennsylvania Class, seeks a judgment against Defendants as follows:

A.    All unpaid overtime wages due to Plaintiff Kessler and the Pennsylvania Class;

B.    Pre-judgment and post-judgment interest;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.    Such other relief as the Court deems appropriate.

Respectfully submitted,

 */s/ Jack Siegel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
Texas Bar No. 24070621
jack@siegellawgroup.biz
**Siegel Law Group, PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 790-4454 phone
www.4overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all

counsel of record via the Court's ECF system as of the date file-stamped thereon.

*/s/ Jack Siegel*
**JACK SIEGEL**