**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

|  |  |
|---|---|
| **MAUREEN DEAKIN, RACHEL CLERGE, LESLEY MITCHELL, MAY WOJCIK, DALE KESSLER, AND ALL OTHERS SIMILARLY SITUATED,** | |
| *Plaintiffs*, | **Civil Action No. 1:17-cv-00773-KWR-KK** |
| **v.** | |
| **MAGELLAN HEALTH, INC., et al,** | |
| *Defendants.* | |

<u>**DECLARATION OF MARK D. TEMPLE**</u>

I, Mark D. Temple, declare as follows:

1.      I am an attorney admitted to practice in the State of Texas and in the United States District Court for the District of New Mexico.

2.      I am a partner with the law firm of Baker & Hostetler LLP, and counsel for defendants Magellan Health, Inc. and Magellan HSRC, Inc. (collectively "Defendants") in this action.

3.      I submit this declaration in support of Defendants' Motion to Compel Responses to Defendants' Discovery Requests.

4.      I have personal knowledge of the matters set forth in this Declaration.  If called as a witness, I could and would competently testify to these matters.

5.      Since numerous discovery plaintiffs failed to participate in the discovery process, the parties selected substitute discovery plaintiffs, and Defendants served these substitute discovery plaintiffs with document requests and interrogatories on October 1, 2021.  True and

accurate copies of Defendants' First Set of Interrogatories and First Request for Production of Documents served on October 1, 2021 are annexed hereto as Exhibit "A".

6.      On October 7, 2021, a number of discovery plaintiffs provided responses to Defendants' discovery requests.

7.      Although they asserted various objections, 13 discovery plaintiffs largely provided substantive responses on October 7, 2021 and another 4 provided responses on October 14, 2021.

8.      Discovery plaintiffs Carolina Gutierrez, David Watts, Diana Meier, Katherine Potts, Lisa Messinger, Patrick Shanahan, Phyllis Padilla, Randall Bemer, and Susan Luscomb provided only objections and did not provide a single substantive response.  True and accurate copies of discovery plaintiff Katherine Potts' responses to Defendants' discovery requests are annexed hereto as Exhibit "B".

9.      Defendants' discovery requests served on the discovery plaintiffs at-issue in Defendants' motion to compel are identical, and the discovery plaintiffs' responses thereto are largely identical.

10.     On October 25, 2021, Defendants sent Plaintiffs' counsel a deficiency letter addressing the non-responsiveness of the discovery plaintiffs along with several other discovery issues.  A true and accurate copy of Defendants' October 25, 2021 deficiency letter to Plaintiffs' counsel is annexed hereto as Exhibit "C".

11.     Due to the deadline to file the instant motion, Defendants requested that Plaintiffs' counsel simply confirm whether or not they will be providing complete responses and curing the deficiencies set forth in Defendants' letter by no later than 5:00pm on October 27, 2021.

12.     Plaintiffs' counsel ignored Defendants' good faith attempt to avoid judicial intervention and have not contacted Defendants as of this motion's filing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28, 2021.

Mark D. Temple

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| MAUREEN DEAKIN, RACHEL CLERGE, CHERYL JOHNSON, LESLEY MITCHELL, MAY WOJCIK, DALE KESSLER, AND ALL OTHERS SIMILARLY SITUATED,<br><br>     *Plaintiff,*<br><br>v.<br><br>MAGELLAN HEALTH, INC., MAGELLAN HEALTHCARE, INC., et al.,<br><br>     *Defendants*. | **Civil Action No. 1:17-cv-00773-KWR-KK**<br><br>**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KATHERINE POTTS** |

**DEFENDANTS MAGELLAN HEALTH, INC.'S
AND MAGELLAN HRSC, INC.'S FIRST REQUEST FOR
<u>PRODUCTION OF DOCUMENTS TO PLAINTIFF KATHERINE POTTS</u>**

**TO:**    Plaintiff Katherine Potts, by and through Plaintiff's attorney of record, Travis Hedgpeth, via e-mail at <u>travis@hedgpethlaw.com</u>.

Pursuant to the Federal Rule of Civil Procedure 34, Defendants Magellan Health, Inc. ("Magellan Health") and Magellan HRSC, Inc.[1] (collectively, "Defendants") serve its First Request for Production of Documents to Plaintiff Katherine Potts ("Plaintiff") and requests that Plaintiff serve answers within 30 days.

<u>**INSTRUCTIONS**</u>

1.    Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of electronically stored information instead of permitting inspection, you must so state.

---

[1] Defendant Magellan HRSC, Inc.'s name is misspelled in the Plaintiffs' case heading.

2.      If, in responding to these requests, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3.      These requests are continuing in nature and shall apply to any amended pleadings filed by Plaintiffs.

4.      The following requests for production are addressed to Plaintiff and Plaintiff's agents or attorneys, or any of them.  If the requested documents are known by Plaintiff to exist but are not in the possession, custody, or control of Plaintiff, Plaintiff's agents or attorneys or any of them, it is requested that Plaintiff so indicate or produce such documents that show the name of the person or entity in whose possession, custody, and/or control such documents are.

5.      If any documents responsive to any request have been lost, mutilated or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

6.      If there are no documents in Plaintiff's possession, custody or control, which are responsive to a particular request, so state and identify such request.

7.      If any documents falling within any description contained in any of the following requests is withheld under claim of privilege, Plaintiff shall serve upon the undersigned attorneys for Defendants a written list of documents, including the following information as to each such item: (1) its date; (2) the name(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person or entity to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

## DEFINITIONS

1.  "COMPLAINT" shall mean the most recent operative Complaint in Civil Action No. 1:17-cv-00773-KWR-KK entitled *Maureen Deakin, Rachel Clerge, Cheryl Johnson, Lesley Mitchell, May Wojcik, Dale Kessler, and All Others Similarly Situated v. Magellan Health, Inc., Magellan Healthcare, Inc., Magellan Health Services of New Mexico, Inc., Merit Behavioral Care Corporation, & Magellan HSRC, Inc.* in the United States District Court, District of New Mexico.

2.  "DEFENDANT" shall mean and refer to Defendants Magellan Health, Inc. and/or Magellan HRSC, Inc. and/or both.

3.  "YOU," "YOUR," "YOURS" and "PLAINTIFF" shall mean Opt-In Plaintiff Katherine Potts and all persons acting on Katherine Potts's behalf or pursuant to Katherine Potts's direction or request.

4.  "PERSON" shall mean and include a natural person, individual, partnership, firm, corporation, governmental office or agency or any kind of business, governmental or legal entity, its agents, representatives or employees.

5.  The term "DOCUMENT" or "DOCUMENTS" is used herein with its customary broad meaning and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand or electronically, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, correspondence, communications of any nature, telegrams, telephone text messages, SMS messages, memoranda, notebooks of any kind, summaries or records of personal conversations, diaries, routing slips, reports, publications, photographs, audiotapes, DVDs, CDs, electronic files, computer disks, computer records, e-mails, charts, minutes or records of meetings, transcripts of oral testimony or statements, reports and/or summaries of interviews, reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations, court papers, brochures, pamphlets, press releases, drafts of, revisions of, translations of any document, tape recordings, records and dictation belts and/or any other records, communications, or compilations whether in paper,

electronic, or other form, which are in Plaintiff's possession, custody, or control, or in the custody and control of Plaintiff's representatives, agents, attorney or accountant, wherever located, however produced or reproduced, including any identical or non-identical copy and whether a draft or final version.  Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

6.      As used herein, "RELATE TO," "RELATING TO," or "REGARDING" means refers to, reflects upon, or is in any way logically or factually connected with the matters discussed, including information or documents that support or is contrary to a particular contention.

7.      When referring to a document, "IDENTIFY" means that Plaintiff shall set forth the general nature of the document, the author or the originator and the date of its preparation or execution, each addressee, all individuals designated on the document to receive a copy or otherwise hereto have received a copy, date, title and general subject matter, the present custodian of each copy thereof and last known address of each such custodian.  If such documents were, but are no longer in your possession, custody or control, state the disposition which was made of them, the reason for such disposition, and the date thereof.

8.      For the purposes of these document requests, "RELEVANT TIME PERIOD" shall mean the applicable statute of limitations period as it relates to YOUR claim(s) in this action against DEFENDANT.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

10.     The use of the singular form of any word includes the plural or vice versa.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

COMMUNICATIONS between YOU and any current for former employee of DEFENDANT REGARDING OR RELATING TO any of the wrongful conduct alleged in the COMPLAINT.

**RESPONSE[2] TO REQUEST FOR PRODUCTION NO. 1:**


**REQUEST FOR PRODUCTION NO. 2:**

All versions of YOUR resume that you have used since the start of your employment with DEFENDANT to present that reference or describe your employment with DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**


**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS, including but not limited to, diaries, journals, summaries, annotated calendars or notes, that identify the dates and/or hours you allegedly worked for DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**


**REQUEST FOR PRODUCTION NO. 4:**

Witness statements obtained by YOU, or any PERSON acting on YOUR behalf, which pertain or relate to any of the allegations in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

---

[2] Pursuant to Local Rules of Civil Procedure - District of New Mexico 26.1, a space for an answer, response or objection has been provided after each request for production of documents.

**REQUEST FOR PRODUCTION NO. 5:**

Copies of job inquiries, including cover letters and applications, you sent to or prepared for an employer or potential employer other than DEFENDANT that describe or reference your employment with DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS concerning any complaints made by YOU to DEFENDANT or any governmental agency at any time during YOUR employment with DEFENDANT having to do with any of the causes of action alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS concerning YOUR contention that YOU are "similarly situated," as defined in Paragraphs 11 and 174 of the COMPLAINT, to other employees working for DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS in YOUR possession or control that you believe support your claim that you were misclassified as an exempt employee during your employment with DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

**REQUEST FOR PRODUCTION NO. 9:**

A download archive of any account identified in YOUR response to Interrogatory No. 3 that reference or describe YOUR employment with DEFENDANT.

- 6 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**


**REQUEST FOR PRODUCTION NO. 10:**

      DOCUMENTS that reflect the days and hours in which you worked for an employer, including self-employment, other than DEFENDANT during your employment with DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**


Dated: September 30, 2021

                    By */s/ Mark D. Temple*

                    Mark D. Temple
                    Texas State Bar No. 00794727
                    Federal I.D. No. 19552
                    Baker & Hostetler LLP
                    811 Main Street, Suite 1100
                    Houston, TX  77002
                    Telephone: +1 713 751 1600
                    Facsimile: +1 713 751 1717
                    mtemple@bakerlaw.com


                    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a true and correct copy of the foregoing Defendants' First Request for Production of Documents to Plaintiff Katherine Potts and all accompanying papers this 30th day of September 2021 upon Travis Hedgpeth, via e-mail at travis@hedgpethlaw.com.


By: */s/ Mark Temple*
  Mark Temple

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| MAUREEN DEAKIN, RACHEL CLERGE, CHERYL JOHNSON, LESLEY MITCHELL, MAY WOJCIK, DALE KESSLER, AND ALL OTHERS SIMILARLY SITUATED, | |
| *Plaintiff*, | **Civil Action No. 1:17-cv-00773-KWR-KK** |
| v. | |
| MAGELLAN HEALTH, INC., MAGELLAN HEALTHCARE, INC., et al., | **DEFENDANTS' INTERROGATORIES TO PLAINTIFF KATHERINE POTTS** |
| *Defendants*. | |

**DEFENDANTS MAGELLAN HEALTH, INC.'S**
**AND MAGELLAN HRSC, INC.'S FIRST SET OF**
**INTERROGATORIES TO PLAINTIFF KATHERINE POTTS**

**TO:**   Plaintiff Katherine Potts, by and through Plaintiff's attorney of record, Travis

Hedgpeth, via e-mail at travis@hedgpethlaw.com.

Pursuant to the Federal Rule of Civil Procedure 33, Defendants Magellan Health, Inc.

("Magellan Health") and Magellan HRSC, Inc.[1] (collectively, "Defendants") serve their First Set

of Interrogatories to Plaintiff Katherine Potts ("Plaintiff") and requests that Plaintiff serve answers

within 30 days.

**INSTRUCTIONS**

1.      If the answer to the entire question is not known, so state and answer the part

known.

2.      If a privilege or protection is asserted as a basis for withholding discovery, set forth

the nature of the claimed privilege and the nature of the information with respect to which it is

claimed.

---

[1] Defendant Magellan HRSC, Inc.'s name is misspelled in the Plaintiffs' case heading.

3.      These Interrogatories shall be deemed continuing in nature, and Plaintiff is under a duty to supplement his responses promptly with respect to any questions directly addressed to (a) identity and location of persons having knowledge of relevant facts and (b) the identity and description of any documents which relate to, reflect, or arise out of the subject matter of this litigation.

## DEFINITIONS

1.      "COMPLAINT" shall mean the most recent operative Complaint in Civil Action No. 1:17-cv-00773-KWR-KK entitled *Maureen Deakin, Rachel Clerge, Cheryl Johnson, Lesley Mitchell, May Wojcik, Dale Kessler, and All Others Similarly Situated v. Magellan Health, Inc., Magellan Healthcare, Inc., Magellan Health Services of New Mexico, Inc., Merit Behavioral Care Corporation, & Magellan HSRC, Inc.* in the United States District Court, District of New Mexico.

2.      "YOU," "YOUR," "YOURS" and "PLAINTIFF" shall mean Opt-In Plaintiff Katherine Potts and all persons acting on Katherine Potts's behalf or pursuant to Katherine Potts's direction or request.

3.      "DEFENDANT" shall mean and refer to Defendants Magellan Health, Inc. and/or Magellan HRSC, Inc. and/or both.

4.      "PERSON" and "PERSONS" as used in these Interrogatories means any individual, firm, partnership, corporation, committee, association, political action group, or other entity.

5.      "DOCUMENT" or "DOCUMENTS" means any writing, record, or other graphic matter of any type or description, including but not limited to, originals (or, if you lack the original, whatever type of copy you have) of any agreements, correspondence, letters, telegrams, telephone text messages, office communications, memoranda, reports, records, expense vouchers, handwritten notes, notebooks, scrapbooks, dairies, photographs, photocopies, charts, recordings, descriptions of telephone conversations, electronic mail, computer records, computer files, computer disks, and any other records, communications, or compilations whether in paper, electronic, or other form, which are in Plaintiff's possession, custody, or control, or in the custody

and control of Plaintiff's representatives, agents, attorney or accountant, wherever located, however produced or reproduced, including any identical or non-identical copy and whether a draft or final version.

6.      "DESCRIBE" as used in these Interrogatories in connection with any act, occurrence, omission, or series of acts, occurrences, or omissions requires the following information:

      a.   The identity of each and every person involved in the act, occurrence, omission, or series of acts, occurrences, or omissions as provided in the definition of "IDENTIFY";

      b.   The date or dates of each and every act, occurrence, or omission;

      c.   A brief description of the act, occurrence, omission, or series of acts, occurrences, or omissions and the substance of any contact or communication in connection therewith; and

      d.   A description of each and every document involved in the act, occurrence, omission, or series of acts, occurrences, or omissions.

7.      "IDENTIFY" or "IDENTIFIED" as used in these Interrogatories in connection with any person or persons requires the following information for each person:

      e.   The person's full name;

      f.   The person's last known business address and telephone number;

      g.   The person's last known home address and telephone number;

      h.   The person's last known employer; and

      i.   The person's last known title, position, or business.

8.      For the purposes of these interrogatories, "RELEVANT TIME PERIOD" shall mean the applicable statute of limitations period as it relates to YOUR claim(s) in this action against DEFENDANT.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

10.     The use of the singular form of any word includes the plural or vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY the job titles or positions YOU had during the RELEVANT TIME PERIOD, including but not limited to job titles or positions with DEFENDANT, and IDENTIFY the employer with whom YOU held each title or position.

**RESPONSE[2] TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:**

DESCRIBE YOUR job duties as part of your employment with DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:**

Do you have a LinkedIn or other professional networking account?  If so, IDENTIFY each such account and the name associated with same account.

**RESPONSE TO INTERROGATORY NO. 3:**

**INTERROGATORY NO. 4:**

IDENTIFY any professional licenses or certificates you held during the RELEVANT TIME PERIOD.

---

[2] Pursuant to Local Rules of Civil Procedure - District of New Mexico 26.1, a space for an answer, response or objection has been provided after each interrogatory.

**RESPONSE TO INTERROGATORY NO. 4:**


**INTERROGATORY NO. 5:**

IDENTIFY all academic degrees or licenses YOU have received or earned before or during your employment with DEFENDANT, including the name of the degree or license, the institution granting the degree or license and the date received.

**RESPONSE TO INTERROGATORY NO. 5:**


**INTERROGATORY NO. 6:**

IDENTIFY the number of hours you claim you worked for DEFENDANT each week during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 6:**


**INTERROGATORY NO. 7:**

IDENTIFY all damages YOU contend that YOU have suffered as a result of the wrongful conduct alleged in YOUR COMPLAINT, including your method for computing such damages.

**RESPONSE TO INTERROGATORY NO. 7:**


**INTERROGATORY NO. 8:**

IDENTIFY the individuals you believe have knowledge regarding your hours worked or job duties for DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 8:**


**INTERROGATORY NO. 9:**

IDENTIFY any source of income You received during employment with DEFENDANT other than DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 9:**

Dated: September 30, 2021

By */s/ Mark D. Temple*

Mark D. Temple
Texas State Bar No. 00794727
Federal I.D. No. 19552
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX  77002
Telephone: +1 713 751 1600
Facsimile: +1 713 751 1717
mtemple@bakerlaw.com


*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a true and correct copy of the foregoing

Defendants' First Set of Interrogatories to Plaintiff Katherine Potts sand all accompanying papers

this 30th day of September 2021 upon Travis Hedgpeth, via e-mail at travis@hedgpethlaw.com.

By: */s/ Mark Temple*
      Mark Temple

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MAUREEN DEAKIN, RACHEL CLERGE,
CHERYL JOHNSON, LESLEY MITCHELL,
MAY WOJCIK, DALE KESSLER, AND
ALL OTHERS SIMILARLY SITUATED,

     *Plaintiff*,

v.

MAGELLAN HEALTH, INC., MAGELLAN
HEALTHCARE, INC., et al.,

     *Defendants*.

**Civil Action No. 1:17-cv-00773-KWR-KK**

## <u>OPT-IN PLAINTIFF KATHERINE POTTS' RESPONSES TO DEFENDANTS MAGELLAN HEALTH, INC.'S AND MAGELLAN HRSC, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Opt-In Plaintiff Katherine Potts (referred to herein as "Opt-In Plaintiff"), through counsel, responds to Defendants' First Request for Production of Documents to Opt-In Plaintiff as follows:

**PRELIMINARY STATEMENT**. Opt-In Plaintiff responds to these requests without waiver of or prejudice to Opt-In Plaintiff's rights, at any later time, to raise objections to (a) the relevance, materiality or admissibility of such responses, or any part thereof, in this litigation or any other litigation; and (b) any further demand for discovery involving or relating to matters raised by these requests. Further investigation and examination may disclose additional information relating to these responses. Opt-In Plaintiff expressly reserves the right at any time to revise, correct, add to, or clarify any of the statements propounded herein.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

COMMUNICATIONS between YOU and any current for former employee of DEFENDANT REGARDING OR RELATING TO any of the wrongful conduct alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Opt-In Plaintiff objects to this Request as vague, overly board, and unduly burdensome because it seeks "communications regarding or relating to any of the wrongful conduct alleged in the Complaint" and could therefore include all email correspondence Opt-In Plaintiff had with coworkers during Opt-In Plaintiff's employment.

**REQUEST FOR PRODUCTION NO. 2:**

All versions of YOUR resume that you have used since the start of your employment with DEFENDANT to present that reference or describe your employment with DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Opt-In Plaintiff objects to this request as irrelevant and harassing to the extent it seeks the identity of Opt-In Plaintiff's current or former employers and seeks information regarding Opt-In Plaintiff's employment history outside of Opt-In Plaintiff's employment with Defendants.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS, including but not limited to, diaries, journals, summaries, annotated calendars or notes, that identify the dates and/or hours you allegedly worked for DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Opt-In Plaintiff objects to this Request as overbroad and unduly burdensome because it seeks the production of documents that are already in Defendants' possession, custody or control, are more efficiently and/or equally available to Defendants, or are required to be in Defendants' possession pursuant to state and/or federal law.

**REQUEST FOR PRODUCTION NO. 4:**

Witness statements obtained by YOU, or any PERSON acting on YOUR behalf, which pertain or relate to any of the allegations in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Opt-In Plaintiff objects to this Request to the extent it seeks documents protected by the attorney work product privilege. Subject to and notwithstanding the foregoing objection, Opt-In Plaintiff has not obtained any witness statements other than the declarations used to support Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification.

**REQUEST FOR PRODUCTION NO. 5:**

Copies of job inquiries, including cover letters and applications, you sent to or prepared for an employer or potential employer other than DEFENDANT that describe or reference your employment with DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Opt-In Plaintiff objects to this request as irrelevant and harassing to the extent it seeks the identity of Opt-In Plaintiff's current or former employers and seeks information regarding Opt-In Plaintiff's employment history outside of Opt-In Plaintiff's employment with Defendants.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS concerning any complaints made by YOU to DEFENDANT or any governmental agency at any time during YOUR employment with DEFENDANT having to do with any of the causes of action alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Opt-In Plaintiff objects to this Request as overbroad and unduly burdensome because it seeks the production of documents that are already in Defendants' possession, custody, or control, specifically any complaints made by Opt-In Plaintiff to DEFENDANT. Opt-In Plaintiff is not searching for or producing any documents or communications that are stored on Defendants' intranet or Defendants' other internal systems or servers, including Defendants' email servers, or

communications made on any work telephones or other devices Defendants provided to Opt-In Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS concerning YOUR contention that YOU are "similarly situated," as defined in Paragraphs 11 and 174 of the COMPLAINT, to other employees working for DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Opt-In Plaintiff objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product privilege. Opt-In Plaintiff is not searching for or producing any documents or communications that are stored on Defendants' intranet or Defendants' other internal systems or servers, including Defendants' email servers, or communications made on any work telephones or other devices Defendants provided to Opt-In Plaintiff.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS in YOUR possession or control that you believe support your claim that you were misclassified as an exempt employee during your employment with DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Opt-In Plaintiff objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product privilege. Opt-In Plaintiff is not searching for or producing any documents or communications that are stored on the Defendants' intranet or Defendants' other internal systems or serves, including Defendants' email servers, or communications made on any work telephone or other devices Defendants' provided to Opt-In Plaintiff.

**REQUEST FOR PRODUCTION NO. 9:**

A download archive of any account identified in YOUR response to Interrogatory No. 3 that reference or describe YOUR employment with DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Opt-In Plaintiff objects to this request as irrelevant and harassing to the extent it seeks the identity of Opt-In Plaintiff's current or former employers and seeks information regarding Opt-In Plaintiff's employment history outside of Opt-In Plaintiff's employment with Defendants. Opt-In Plaintiff further objects to this request as it is vague and ambiguous as to the term "download archive."

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS that reflect the days and hours in which you worked for an employer, including self-employment, other than DEFENDANT during your employment with DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Opt-In Plaintiff objects to this request as irrelevant and harassing to the extent it seeks the identity of Opt-In Plaintiff's current or former employers and seeks information regarding Opt-In Plaintiff's employment history outside of Opt-In Plaintiff's employment with Defendants.

Dated: October 7, 2021                    Respectfully submitted,

                                          By */s/ Stacy W. Thomsen*

|  | TRAVIS M. HEDGPETH |
|---|---|
|  | THE HEDGPETH LAW FIRM, PC |
|  | 3050 Post Oak Blvd., Suite 510 |
|  | Houston, Texas 77056 |
|  | Telephone: (281) 572-0727 |
|  | travis@hedgpethlaw.com |
|  |  |
|  | JACK SIEGEL |
|  | Texas Bar No. 24070621 |
|  | STACY W. THOMSEN |
|  | California Bar No. 274282 |
|  | SIEGEL LAW GROUP PLLC |
|  | 5706 E Mockingbird Lane, Suite 115 |

Dallas, Texas 75206
Telephone: (214) 790-4454
jack@siegellawgroup.biz
stacy@siegellawgroup.biz
www.4overtimelawyer.com

**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**ELIZABETH BECK**
Texas Bar No. 24097355
**BRAZIEL | DIXON, LLP**
1910 Pacific Ave., Ste. 12000
Dallas, Texas 75201
Telephone: (214) 749-1400
jdbraziel@l-b-law.com
beck@l-b-law.com
www.overtimelawyer.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

On October 7, 2021, a copy of this document was served via email on the following attorneys in charge for Defendants:

Mark Temple (mtemple@bakerlaw.com)
Gilbert Brosky (gbrosky@bakerlaw.com)
Carrie Valdez (cvaldez@bakerlaw.com)

/s/ *Katie A. Turk*
**KATIE A. TURK**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MAUREEN DEAKIN, RACHEL CLERGE,
CHERYL JOHNSON, LESLEY MITCHELL,
MAY WOJCIK, DALE KESSLER, AND
ALL OTHERS SIMILARLY SITUATED,

     *Plaintiff*,

v.

MAGELLAN HEALTH, INC., MAGELLAN
HEALTHCARE, INC., et al.,

     *Defendants*.

**Civil Action No. 1:17-cv-00773-KWR-KK**

## OPT-IN PLAINTIFF KATHERINE POTTS' ANSWERS TO DEFENDANTS MAGELLAN HEALTH, INC.'S AND MAGELLAN HRSC, INC.'S FIRST SET OF INTERROGATORIES

     Opt-In Plaintiff Katherine Potts (referred to herein as "Opt-In Plaintiff"), through counsel, responds to Defendants' First Set of Interrogatories to Opt-in Plaintiff as follows:

     **PRELIMINARY STATEMENT**. Opt-In Plaintiff responds to these interrogatories without waiver of or prejudice to Opt-In Plaintiff's rights, at any later time, to raise objections to (a) the relevance, materiality or admissibility of such responses, or any part thereof, in this litigation or any other litigation; and (b) any further demand for discovery involving or relating to matters raised by these interrogatories. Further investigation and examination may disclose additional information relating to these responses. Opt-In Plaintiff expressly reserves the right at any time to revise, correct, add to, or clarify any of the statements propounded herein.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY the job titles or positions YOU had during the RELEVANT TIME PERIOD, including but not limited to job titles or positions with DEFENDANT, and IDENTIFY the employer with whom YOU held each title or position.

**RESPONSE TO INTERROGATORY NO. 1:**

Opt-In Plaintiff objects to this interrogatory to the extent it requests information regarding Opt-In Plaintiff's employment with Defendants as overly broad and unduly burdensome, because it seeks information that it is already in the custody and control of Defendants, is more efficiently and/or equally available to Defendants, or is required to be in Defendants' possession pursuant to state and/or federal law. Opt-In Plaintiff objects to responding to this interrogatory for the positions that fall outside the scope of "Care Management Employee," because those positions fall outside the scope of the lawsuit.

**INTERROGATORY NO. 2:**

DESCRIBE YOUR job duties as part of your employment with DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 2:**

Opt-In Plaintiff objects to the request to the extent that it assumes facts not in evidence in that it presumes that Opt-In Plaintiff was only employed by a single "Defendant" during her employment, and not jointly employed by multiple "Magellan Health" Defendants. Opt-In Plaintiff objects to this request as overly broad and burdensome, to the extent it would require an exhaustive listing and narrative of all duties performed by Opt-In Plaintiff.

**INTERROGATORY NO. 3:**

Do you have a LinkedIn or other professional networking account?  If so, IDENTIFY each such account and the name associated with same account.

**RESPONSE TO INTERROGATORY NO. 3**:

Opt-In Plaintiff objects to this interrogatory as irrelevant and harassing to the extent it seeks the identity of Opt-In Plaintiff's current or former employers and seeks information regarding Opt-In Plaintiff's employment history outside of Opt-In Plaintiff's employment with Defendants.

**INTERROGATORY NO. 4:**

IDENTIFY any professional licenses or certificates you held during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 4:**

Opt-In Plaintiff objects to this interrogatory to the extent it calls for a legal argument or conclusion with respect to whether a license or certificate qualifies as a "professional" license or "professional" certificate that would satisfy the requirements of the professional exemption. Additionally, Opt-In Plaintiff objects to the request because the phrase "professional licenses or certificates" is vague and ambiguous. It is ambiguous because the request fails to specify the scope of licenses and certificates responsive to this request with sufficient clarity. Further, Opt-In Plaintiff objects to this request as overly broad to the extent the request seeks information related to licenses held in time periods following Opt-In Plaintiff's employment with Defendants during the Relevant Time Period.

**INTERROGATORY NO. 5:**

IDENTIFY all academic degrees or licenses YOU have received or earned before or during your employment with DEFENDANT, including the name of the degree or license, the institution granting the degree or license and the date received.

**RESPONSE TO INTERROGATORY NO. 5:**

Opt-In Plaintiff objects to the term "licenses" as vague and ambiguous as not specifying the types of licensing information that would be responsive to this request. Opt-In Plaintiff further objects to this request as duplicative of Interrogatory No. 4, which requests all "professional licenses or certificates" Opt-In Plaintiff held during the Relevant Time Period.

**INTERROGATORY NO. 6:**

IDENTIFY the number of hours you claim you worked for DEFENDANT each week during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 6:**

Opt-in Plaintiff objects to this Interrogatory as overly broad and unduly burdensome because it seeks information that is already in the custody and control of Defendants, is more efficiently and/or equally available to Defendants, or is required to be in Defendants' possession pursuant to state and/or federal law.

**INTERROGATORY NO. 7:**

IDENTIFY all damages YOU contend that YOU have suffered as a result of the wrongful conduct alleged in YOUR COMPLAINT, including your method for computing such damages.

**RESPONSE TO INTERROGATORY NO. 7:**

Opt-In Plaintiff does not yet have all discovery from Defendants to allow Opt-In Plaintiff to calculate Opt-In Plaintiff's damages with certainty. Defendants have not yet produced records that identify the hours Opt-In Plaintiff worked, including but not limited to computer sign-in data, badge swipes, case management system data, facsimile logs, telephone logs and reports, time-stamped entries or documents, email meta data, time studies, security logs, invoices, expense reports, bills, and work schedules. Subject to the production of such documents, Opt-In Plaintiff responds as follows: Opt-In Plaintiff will calculate owed overtime based on Opt-In Plaintiff's typical weekly work schedule in which Opt-In Plaintiff regularly worked over 40 hours per workweek. Opt-In Plaintiff seeks overtime wages at the rate of one-half times Opt-In Plaintiff's regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks. Opt-In Plaintiff also seeks statutory penalties under the New Mexico Minimum Wage Act, liquidated damages under the Fair Labor Standards Act, treble damages under the New Mexico Minimum Wage Act, and attorneys' fees and costs, as well as such relief as the Court deems just and proper.

- 4 -

**INTERROGATORY NO. 8:**

IDENTIFY the individuals you believe have knowledge regarding your hours worked or job duties for DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 8:**

Opt-in Plaintiff objects to this Interrogatory as overly broad and unduly burdensome because it requires Opt-In Plaintiff to disclose individuals who may have knowledge or information regarding the lawsuit and seeks information that is already in the custody and control of Defendants or that is more efficiently and/or equally available to Defendants.

**INTERROGATORY NO. 9:**

IDENTIFY any source of income You received during employment with DEFENDANT other than DEFENDANT during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 9:**

Opt-In Plaintiff objects to this interrogatory as irrelevant, overly broad, assumes facts not in evidence, and is harassing.  The income Opt-In Plaintiff may or may not have received from ***any*** sources ***outside of Opt-In Plaintiff's employment*** with Defendants is not relevant in this wage and hour lawsuit against Defendants for failure to properly compensate Opt-In Plaintiff.  Other sources of income do not necessarily reflect hours worked or time spent at other types of employment.  Sources of income may include disability payments, pensions, or other irrelevant, private sources of income that do not concern this lawsuit.


Dated: October 7, 2021                         Respectfully submitted,

                                               /s/ *Stacy W. Thomsen*
                                               **J. DEREK BRAZIEL**
                                               Texas Bar No. 00793380

                                               jdbraziel@l-b-law.com
                                               ELIZABETH BECK
                                               Texas Bar No. 24097355
                                               beck@l-b-law.com

**BRAZIEL | DIXON, LLP**
1910 Pacific Ave., Ste. 12000
Dallas, Texas 75201
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
Texas Bar No. 24070621
**STACY W. THOMSEN**
California Bar No. 274282
**SIEGEL LAW GROUP PLLC**

5706 E Mockingbird, Suite 115
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com

**TRAVIS HEDGPETH**
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Phone: (281) 572-0727
travis@hedgpethlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

On October 7, 2021, a copy of this document was served via email on the following attorneys in charge for Defendants:

Mark Temple (<u>mtemple@bakerlaw.com</u>)
Gilbert Brosky (<u>gbrosky@bakerlaw.com</u>)
Carrie Valdez (<u>cvaldez@bakerlaw.com</u>)


<u>/s/ *Katie A. Turk*</u>
**KATIE A. TURK**

# EXHIBIT C

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX  77002-6111

T  713.751.1600
F  713.751.1717
www.bakerlaw.com

October 25, 2021

Mark D. Temple
direct dial: 713.646.1324
mtemple@bakerlaw.com

**VIA EMAIL (TRAVIS@HEDGPETHLAW.COM)**

*Re:*   *Deakin, et al v. Magellan Health, Inc., et al, Case No.: 1:17-cv-00773-KWR-KK*

Dear Travis:

Pursuant to Fed. R. Civ. P. 37, this letter shall serve as Defendants Magellan Health, Inc. and Magellan HSRC, Inc.'s (collectively "Defendants" or "Magellan"), effort to resolve discovery deficiencies with regard to Opt-In Plaintiffs' (collectively "Discovery Plaintiffs") October 7, 2021 and October 14, 2021 responses to Magellan's First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production ("RFP"), as well as other issues with Plaintiffs' responses to Defendants' discovery requests.

As you are aware, in connection with the substitute Discovery Plaintiffs' October 7, 2021 responses, Magellan's deadline to file a motion to compel is October 28, 2021.  Therefore, please confirm whether you will be providing complete responses and curing the deficiencies set forth below **by no later than 5:00pm on October 27, 2021**, so that we may avoid having to seek judicial intervention pursuant to the Federal Rules of Civil Procedure.  This letter does not, nor is it intended to, waive any objections or arguments that Magellan may have regarding Plaintiffs' discovery responses that are not specifically raised below.

**Numerous Discovery Plaintiffs Failed to Respond to Magellan's Interrogatories and RFP**

Initially, the following thirteen (13) Discovery Plaintiffs' October 7, 2021 responses to Magellan's Interrogatories and RFP merely set forth objections with no substantive responses to any of the requests: (1) Carolina Gutierrez; (2) David Watts; (3) Delia Munoz; (4) Diana Meier; (5) Francisco Alonzo; (6) Katherine Potts; (7) Laura Swofford; (8) Lisa Messinger; (9) Patrick Shanahan; (10) Phyllis Padilla; (11) Randall Bemer; (12) Sammi Lo; and (13) Susan Luscomb.  Please provide amended responses for these Discovery Plaintiffs that properly respond to Magellan's RFP and Interrogatories.

Your October 7, 2021 correspondence stated that you have been unable to reach the following Discovery Plaintiffs, resulting in their failure to provide responses to Defendants' Interrogatories and RFP: (1) Susan Luscomb; (2) Randall Bemer; and (3) Lisa Messinger.  Additionally, two (2) Discovery Plaintiffs that were previously identified in our August 30, 2021 deficiency letter, *i.e.*,

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Page 2

Natacha Grant and Catherine Garcia, have still not provided responses to Magellan's Interrogatories and RFP.  Please provide compete responses for these Plaintiffs no later than 5:00pm on October 27, 2021.

**Interrogatory Number 7**

Interrogatory number 7 requests identification of all damages Discovery Plaintiffs contend they suffered as a result of the wrongful conduct alleged in the Second Amended Complaint, including the method for computing such damages.  Despite such a clear request (and the fact that you have provided this information for other Discovery Plaintiffs), the following seventeen (17) Discovery Plaintiffs (of those who have actually provided substantive responses to the Interrogatories) have nonetheless failed to set forth the monetary damages they contend to have suffered: (1) Alfred White; (2) Alisa Plackett; (3) Arlene LaFaire; (4) Beth Deja; (5) Debbie Miller; (6) Helen Evans; (7) Janice Jones; (8) JoAnna Bova; (9) Kenneth Reyes; (10) Lesley Mitchell; (11) Novlett Lee; (12) Ricky Kimes; (13) Sammi Lo; (14) Sue (Ellen) Owen; (15) Tammy Malcom; (16) Terrie Kemp (Nelson); and (17) Trang Tran.  Please provide complete answers to this Interrogatory.

**Interrogatory Number 9**

Interrogatory number 9 requests other sources of income that the Discovery Plaintiffs received during their employment with Magellan during the relevant time period.  Plaintiffs tacitly concede the relevant nature of this request by noting specific "irrelevant" sources of income such as disability payments, pensions, and private sources of income but not the relevant sources such as other employment or work for which they garnered income.  For purposes of clarity, Interrogatory number 9 seeks only information as to sources of income that were derived from Discovery Plaintiffs' other employment, work, or personal businesses while they were employed by Magellan during the relevant statutory period.  Please provide complete responses to this Interrogatory.

**Missing Documents**

As part of Plaintiffs' rolling production of documents, it appears that no documents have been provided for the following Bates numbers: 376-379; 534-537; 558; 560-561; 584-589; 601-605; and 609-617.  Please provide the documents bearing the above-referenced Bates numbers.

Thank you for your attention to these matters.  If there is anything addressed herein that you would like to discuss, please contact me.

Sincerely,

*Mark D. Temple*

Mark D. Temple

cc: (*via* email)

2

4875-3944-9856.2

Page 3


Jack Siegel (*jack@siegellawgroup.biz*)
J. Derek Braziel (*jdbraziel@l-b-law.com*)
Maria Ruiz (*ruiz@l-b-law.com*)
Elizabeth Beck (*beck@l-b-law.com*)
Katie Turk (*katie@hedgpethlaw.com*)

4875-3944-9856.2