IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAUREEN DEAKIN, *et al.*,

    Plaintiffs,

vs.                                                  Civ. No. 17-773 MIS/KK

MAGELLAN HEALTH, INC., *et al.*,

    Defendants.

## ORDER ON MOTION FOR SANCTIONS
## AND FOR LEAVE TO FILE SURREPLY

THIS MATTER is before the Court on: (1) Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) (Doc. 236) ("Motion for Sanctions"), filed July 8, 2022; and, (2) Plaintiffs' Motion for Leave to File Surreply (Doc. 239) ("Motion for Surreply"), filed August 1, 2022. Having reviewed the parties' submissions, the record, and the relevant law, the Court FINDS that the Motion for Surreply should be GRANTED, and the Motion for Sanctions should be GRANTED IN PART and DENIED IN PART as set forth below.

*1.*    *Introduction*

In the Protective Order filed in this matter on December 14, 2021, the Court ordered the parties not to disclose documents designated as confidential to "[a]ny witness called to testify at deposition," unless the witness first executes an "Acknowledgment Form" agreeing to be bound by the Order.[1] (Doc. 216 at 7.) In their Motion for Sanctions, Defendants assert that Plaintiffs' counsel violated this provision by failing to obtain an executed Acknowledgment Form from deponent Jo Davis before sending her a copy of a document designated as confidential. (Doc. 236.) Thus, Defendants ask the Court to: (1) find Plaintiffs' counsel in contempt; (2) order Plaintiffs to

---

[1] A copy of the Acknowledgment Form is attached to the Protective Order. (Doc. 216 at 14-15.)

identify any other recipients of confidential information who did not first sign an Acknowledgment Form; and, (3) admonish Plaintiffs' counsel against future prohibited disclosures under penalty of further sanctions. (*Id.* at 3-4.) Also, in their reply, Defendants ask the Court to award them their attorneys' fees and costs incurred in bringing the motion. (Doc. 238 at 4.)

In response, Plaintiffs admit that their counsel violated the Protective Order by disclosing a confidential document to Ms. Davis before obtaining an executed Acknowledgment Form from her. (Doc. 237 at 1.) However, they argue that sanctions would be inappropriate because: (1) the violation was "inadvertent[]"; (2) the day after defense counsel "pointed out the oversight," Plaintiffs' counsel ensured that Ms. Davis executed the required form and confirmed that she had shredded the document[2]; (3) Plaintiffs have not shared confidential documents with anyone else; and, (4) defense counsel failed to confer with Plaintiffs' counsel before filing the Motion for Sanctions. (*Id.* at 1-2.) In addition, in their Motion for Surreply, Plaintiffs seek leave to file a surreply to Defendants' reply in support of the Motion for Sanctions. (Doc. 239.) The Court will address the Motion for Surreply first and then turn to the Motion for Sanctions.

2.      *Plaintiffs' Motion for Surreply*

In their Motion for Surreply, Plaintiffs seek leave to file a surreply to address new arguments in Defendants' reply in support of their Motion for Sanctions. (Doc. 239.) Specifically, Plaintiffs seek to address Defendants' request for an award of attorneys' fees and costs and their criticism of Plaintiffs' counsel's attempts to correct counsel's violation of the Court's Protective Order. (*Id.*)

---

[2] The Protective Order requires a party who has received confidential documents, "[u]pon final termination of this action" and "at the option of the [p]roducing [p]arty," to "assemble" and "destroy" all confidential documents "produced under the provisions of this Order." (Doc. 216 at 11.)

2

"The filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). However, if the Court "relies on new materials or argument in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 318 (10th Cir. 2007) (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998)).

Here, Plaintiffs' Motion for Surreply is well-taken because Defendants request an award of fees and costs and criticize Plaintiffs' counsel's attempts to correct the violation at issue for the first time in their reply. Moreover, had Defendants tried to determine whether their Motion for Sanctions was opposed before they filed it, as required by Local Civil Rule 7.1(a), D.N.M.LR-Civ. 7.1(a), they likely would have learned about Plaintiffs' counsel's attempts to correct the violation and could have addressed those attempts in their motion, instead of for the first time in their reply. The Court therefore GRANTS Plaintiffs' Motion for Surreply (Doc. 239) and deems the proposed surreply attached to the motion (Doc. 239-1) filed as of the date of entry of this Order.

3. *Defendants' Motion for Sanctions*

In their Motion for Sanctions, Defendants ask the Court to find Plaintiffs' counsel in contempt for violating the Court's Protective Order. (Doc. 236.) "To be held in contempt, a court must find the party violated a specific and definite court order and the party had notice of the order." *In re Lucre Mgmt. Grp., LLC*, 365 F.3d 874, 875 (10th Cir. 2004) (quotation marks omitted). Here, there is no dispute that these requirements have been met. The Protective Order is a specific and definite court order, of which Plaintiffs' counsel had ample notice, yet which they admittedly violated.

In addition, the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992), support an award of sanctions. First, Defendants have been prejudiced in that Plaintiffs provided a confidential document to a witness who received the document on April 29, 2022 but did not

sign an Acknowledgment Form until May 3, 2022. (Doc. 236-4 at 4; Doc. 237-1 at 7.) Thus, the confidential document was exposed and wholly unprotected for about four days. Certainly, the prejudice to Defendants would have been much greater had Ms. Davis actually disclosed the document to others before signing the Acknowledgment Form, or had she refused to sign the form at all. But Plaintiffs' counsel's after-the-fact attempts to correct their violation of the Court's Order do not erase those four days of unprotected exposure.

Second, the violation at issue has interfered with the judicial process because it caused Defendants to file an appropriate Motion for Sanctions.

Third, Plaintiffs' counsel's attempts to correct the violation have not been so meticulous as to demonstrate a clear understanding of the violation's gravity. For example, counsel left the space provided for the Protective Order's filing date blank on the Acknowledgment Form Ms. Davis ultimately executed; and, Ms. Davis' May 3, 2022 e-mail entitled "Shredding" was at least ambiguous, stating in its entirety, "All confidential & other documents shared this morning." (Doc. 237-1 at 6, 9.)

And fourth, in its Order Granting in Part and Denying in Part Motions to Compel, filed February 1, 2022, the Court warned counsel that "it will impose sanctions … if the Court deems it necessary and appropriate to ensure counsel's *unflagging compliance* with their legal, ethical, and professional obligations." (Doc. 220 at 30 (emphasis added).) Nevertheless, in this instance, Plaintiffs' counsel have plainly failed to demonstrate unflagging compliance with their legal obligations.

For the foregoing reasons, the Court GRANTS Defendants' Motion for Sanctions (Doc. 236) in part in that it:  (1) FINDS Plaintiffs' counsel in contempt of Court; (2) strongly ADMONISHES Plaintiffs' counsel not to disclose documents or information in violation of the

Protective Order again and warns Plaintiffs' counsel that any future violations will result in further and more severe sanctions; and, (3) AWARDS Defendants their attorneys' fees and costs incurred in bringing the Motion for Sanctions. Defendants shall file a properly supported fee petition pursuant to this Order no later than **Wednesday, September 21, 2022**. Within **fourteen (14) days** of service of the fee petition, Plaintiff may file a response, which shall be limited to addressing the reasonableness of the fees and costs sought in the petition.

However, the Court DENIES AS MOOT Defendants' request for an order requiring Plaintiffs to identify and describe any other prohibited disclosures in light of Plaintiffs' counsel's declaration that "Plaintiffs have not shared 'Confidential' or 'Highly Confidential' documents … with any other individuals." (Doc. 237-1 at 3.) Also, the Court declines to award Defendants their attorneys' fees and costs incurred in responding to Plaintiffs' Motion for Surreply, because that motion could likely have been avoided had Defendants complied with Local Civil Rule 7.1(a).

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE