IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAUREEN DEAKIN, *et al.*,

    Plaintiffs,

v.                                                   Civ. No. 17-773 MIS/KK

MAGELLAN HEALTH, INC.,
*et al.*,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendants' Motion for Protective Order as to Plaintiffs' Noticed 30(b)(6) Deposition Topics (Doc. 247) ("Motion"), filed August 16, 2022. Plaintiff filed a response to the Motion on September 7, 2022, (Doc. 254), and the Court deems a reply unnecessary. Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that Defendants' Motion is well-taken and should be GRANTED.

1.     *Legal Standards*

    Federal Rule of Civil Procedure 26 generally permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

    Rule 30(b)(6), in turn, provides that

> a party may name as [a] deponent a public or private corporation … and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may

> set out the matters on which each person designated will testify. Before or promptly after the notice … is served, the serving party and the organization must confer in good faith about the matters for examination…. The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). The permissible scope of a Rule 30(b)(6) deposition is as broad as—but no broader than—the scope of discovery. *See* Fed. R. Civ. P. 26(b), 30(b)(6); *see also Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 385 (D.N.M. 2018) (scope of Rule 30(b)(6) deposition is "not otherwise limited") (quotation marks omitted).

"Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999), *superseded by statute on other grounds as recognized by Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-cv-6559, 2018 WL 11250294, at *1 (S.D.N.Y. Dec. 28, 2018). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Id.* (quotation marks omitted). Moreover, an entity subject to a Rule 30(b)(6) notice of deposition must prepare its designated witnesses to provide comprehensive and non-evasive answers to questions posed on the noticed topics. *Peshlakai v. Ruiz*, No. 13-cv-752, 2014 WL 459650, at *23 (D.N.M. Jan. 9, 2014).

Consequently, Rule 30(b)(6) imposes reciprocal obligations on the party noticing the deposition.

> A good rule 30(b)(6) deposition—from both parties' standpoints—requires cooperation. There is little room for hiding the ball at this stage. The rules of engagement are relatively demanding. The corporation must produce fully prepared and knowledgeable witnesses on the topics designated, *but the questioning party must be specific in what it wants to know—before the deposition day*. If the questioning party wants a prepared witness, the questioning party must help the witness prepare. This assistance may come close to scripting out questions; there is no need or privilege that protects such work product when one is about to take a 30(b)(6) deposition. *If the corporation wants more specificity, it is entitled to it*.

*Id.* at \*25 (emphases added).

Finally, Rule 26(c) authorizes courts to issue protective orders when necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of showing good cause for the requested order. *Landry*, 323 F.R.D. at 398; *Zia Shadows, L.L.C. v. City of Las Cruces*, No. 09-cv-909, 2012 WL 12931968, at \*2 (D.N.M. Sept. 24, 2012). In a protective order, courts may, *inter alia*, forbid the discovery at issue in whole or in part. Fed. R. Civ. P. 26(c)(1)(A), (D).

2. Analysis

Having considered Defendants' Motion in light of the foregoing standards, the Court will grant the Motion for two reasons. First, Plaintiffs failed to timely file and serve their response to the Motion. Under Local Civil Rule 7.1, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Here, Plaintiffs' response to the Motion was due by September 6, 2022, but Plaintiffs did not file their response until September 7, 2022. (Docs. 253, 254.) Plaintiffs' failure to timely respond "constitutes consent to grant the [M]otion." *Id.*

Second, Plaintiffs' Notice of Rule 30(b)(6) Deposition fails to comply with Rules 26 and 30. Specifically, the notice seeks discovery that is disproportionate to the needs of the case because the proposed discovery's burden and expense significantly outweighs its likely benefit, Fed. R. Civ. P. 26(b)(1); and, the notice fails to describe the matters on which examination is requested with reasonable particularity. Fed. R. Civ. P. 30(b)(6). In this regard, the Court notes that a response brief is not an appropriate time or place for Plaintiffs to negotiate with Defendants to narrow the notice's scope and hone its specificity. Rather, Plaintiffs could and should have exhausted such negotiations before the Motion was filed. *See* Fed. R. Civ. P. 30(b)(6) ("Before or

promptly after the notice … is served, the serving party and the organization must confer in good faith about the matters for examination."). Failing that, the Rules oblige Plaintiffs, as the parties seeking the discovery at issue, to notice proportional topics and to "be specific in what [they] want[] to know." *Peshlakai*, 2014 WL 459650 at *25. Plaintiffs' often vague and overbroad notice does not satisfy these obligations.

IT IS THEREFORE ORDERED as follows:

1. Defendants' Motion for Protective Order as to Plaintiffs' Noticed 30(b)(6) Deposition Topics (Doc. 247) is GRANTED;

2. Defendants need not produce any witnesses to be deposed pursuant to Plaintiffs' Notice of Rule 30(b)(6) Deposition (Doc. 247-8); and,

3. The parties are reminded that discovery depositions in this matter must be completed by September 30, 2022. (Doc. 241.)

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE