IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAUREEN DEAKIN, *et al.*,

    Plaintiffs;

v.                                               Civ. No. 1:17-cv-00773 MIS/KK

MAGELLAN HEALTH, INC., *et al.*,

    Defendants.

## ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE

THIS MATTER is before the Court on Plaintiffs' Unopposed Motion to File Motion for Class Certification Under Seal, ECF No. 279, and Plaintiffs' Unopposed Motion to File Motion for Summary Judgment Under Seal, ECF No. 281 (collectively, the "Motions"). Having reviewed the Motions, the record, and the relevant law, the Court will deny the Motions without prejudice, allow the documents to remain under seal on a provisional basis, and permit Plaintiffs to refile their Motions to Seal, in compliance with this Order and applicable law, within 14 days.

In the Motions, Plaintiffs request leave to file under seal "Plaintiffs' Motion for Class Certification" and "Plaintiffs' Motion for Summary Judgment," and all exhibits attached thereto. ECF No. 279 at 1; ECF No. 281 at 1. In support, Plaintiffs argue that most of the exhibits attached and referenced in both motions are labeled "Confidential" and, as set forth in the Court's Protective Order (ECF No. 216), Plaintiffs may not publicly disclose this Confidential information. ECF No. 279 at 1; ECF No. 281 at 1.

Having reviewed the Court's Protective Order (ECF No. 216), the Court finds that good cause does not exist to seal the documents based on the Protective Order itself. Specifically, the Protective Order states, "The parties acknowledge that this Order does not entitle them to seal Confidential or Highly Confidential Information filed with the Court." ECF No. 216 at 8, ¶ e. Because the Protective Order does not entitle Plaintiffs to the relief that they seek, the Court will not grant relief to Plaintiffs on that basis.

Further, and more importantly, Plaintiffs have not addressed the specific requirements outlined by the Tenth Circuit for leave to file a document under seal. *See, e.g., United States v. Pickard*, 733 F.3d 1297, 1302–05 (10th Cir. 2013); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *see also Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009); *United States v. Bacon*, 950 F.3d 1286, 1294 (10th Cir. 2020). At a minimum, any motion to seal that is filed with the Court should address Tenth Circuit precedent (i.e., case law and other applicable authority) as applied to the facts and circumstances of the underlying case, including (but not limited to) the following:

(1) an analysis of the interests of the public against those advanced by the Parties,

(2) a description or highlighting of the portion(s) of the sealed documents that will be used to determine the litigants' substantive legal rights (and, described or highlighted separately, the portions that will not be used to determine the litigants' substantive legal rights),

(3) whether the Parties' privacy interests may be protected by selectively redacting just the sensitive and previously undisclosed information from the sealed documents and unsealing the rest,

(4) whether any statutes or other legal authority apply to the specific privacy interests at stake (e.g., privacy statutes, regulations, case law, etc.), and

(5) any other basis for sealing the documents that the Parties wish for the Court to consider.

See *Pickard*, 733 F.3d at 1302–05.

All citations to the documents should also refer to the documents by ECF number, page number, and line number (if available).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions to Seal, ECF Nos. 279 and 281, are hereby **DENIED WITHOUT PREJUDICE**, subject to the conditions set forth below:

1. Notwithstanding the above denial, the documents at issue in the Motions, specifically ECF Nos. 282–286, shall remain under seal for an additional 14 days from the date of this Order.

2. Plaintiffs are granted leave to refile their Motions to Seal, in order to meet the procedural requirements set forth in this Order.

3. If Plaintiffs refile their Motions to Seal within the 14-day period, ECF Nos. 282–286 shall remain under seal until the refiled Motions to Seal are decided. However, **if Plaintiffs do not refile their Motions to Seal within the 14-day period** (i.e., by November 10, 2022), the Clerk is hereby **DIRECTED** to unseal ECF Nos. 282–286 on or after November 11, 2022.

4. Any future motion to seal filed in this case shall comply with the procedural requirements set forth in this Order, absent a showing of good cause. Failure to do so may result in summary denial.

3

**IT IS SO ORDERED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE