IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAUREEN DEAKIN,
and all others similarly situated,

    Plaintiffs,

v.   Case No. 1:17-cv-00773-MLG-KK

MAGELLAN HEALTH, INC., and
MAGELLAN HSRC, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' FEE PETITION

This litigation has been unnecessarily contentious and marred by conduct that deviates from the decorum expected of attorneys in this District. *See* Doc. 355 at 11-12. The Court hopes to address that behavior for the last time. Following a hearing on Defendants' Motion for Sanctions ("Motion"), Doc. 269, the Court found that Plaintiffs failed to comply with the terms of a protective order issued on December 16, 2021 ("Protective Order"). Doc. 328 at 2; Doc. 216. The Court informed Defendants that it would consider an award of attorneys' fees incurred in drafting their Motion, which they brought under Federal Rule of Civil Procedure 37(b)(2)(A)(vii). Doc. 328 at 2; *see also* Doc. 269 at 1. The Court ordered Defendants to submit a fee petition but cautioned that it would scrutinize the rates and hours submitted in light of the relatively harmless nature of Plaintiffs' violation. Doc. 328 at 2, 4.

Defendants submitted their fee petition ("Petition") and ask the Court to award $11,800 in attorneys' fees. Doc. 332 at 5 ¶ 20. This amount reflects nearly thirty hours of time accrued by two of Defendants' attorneys, Mark D. Temple and Justin A. Guilfoyle (collectively "Defense Counsel"). *Id.* at 2 ¶ 7; *see generally* Doc. 332-1. Notably, this sum exceeds the amount Defense

Counsel billed to its clients by over $2,000, as indicated on the relevant timesheet. *See* Doc. 332-1 at 6. Plaintiffs responded and asked the Court to deny the award in total, arguing that Defense Counsel have "stretched the fees to the greatest possible limit[.]" Doc. 334 at 4.

As explained below, counsel for both parties had chances to ensure that the Protective Order was not violated and failed to avail themselves of those opportunities. Accordingly, given the relative culpability of the parties, and in light of the minor nature of the infraction, the Court will award Defendants $800 in reasonable attorneys' fees as a sanction under Rule 37(b)(2).

## DISCUSSION

The decision to award attorneys' fees under Rule 37 falls within the Court's discretion. *Centennial Archeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012). Sanctions under Rule 37(b)(2) are punitive and intended to penalize wrongful conduct and deter future incidents. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996). Under the Rule, the Court's sanction must be just and related to the claim at issue in the discovery order. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

Here, Plaintiffs' counsel, Jack Siegel, violated the Protective Order. He disclosed documents marked confidential to a fact witness, Sarah Lopez, during her deposition without first obtaining a requisite acknowledgement form. *See* Doc. 216 at 7; Doc. 292-1 at 2. There was some confusion in the deposition as to Lopez's status as a party witness and whether she was represented by Guilfoyle, who attended. *See* Doc. 334-1 at 3, 38:1-21; Doc. 292-7 at 4-5. But regardless, the Protective Order is clear that "[a]ny witness called to testify at deposition" must sign an acknowledgement form before viewing documents marked confidential. Doc. 216 at 7 ¶ 4(b)(iii). Siegel admits that he failed to comply with this directive when he provided such documents to Lopez during her deposition. Doc. 292-1 at 2-3. While the Court does not find any evidence that

2

he did so in bad faith, Siegel violated the terms of the Protective Order; therefore, sanctions are appropriate. *See* Rule 37(b)(2)(A)(vii); *High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586, 592 (D. Kan. 2012) (noting that parties must comply with protective orders or risk possible sanctions).

The Court further notes, however, that Defense Counsel is not blameless. During Lopez's deposition, Guilfoyle did not object when Siegel produced confidential material, *see* Doc. 292-7 at 24, 23:7-17, and even asked for direction when confidential material was shown to Lopez. *Id.* at 30, 29:11-15. Guilfoyle did not attempt to stop the improper disclosure of confidential material when he had the opportunity to do so, calling into question whether the material was properly designated as confidential under the Protective Order. *See* Doc. 216 at 3 ¶ d (defining confidential information). To that end, the Court notes that the purported confidential information Plaintiffs' counsel disclosed to Lopez was the Medicaid Managed Care Services Agreement ("HSD Contract") and three internal documents.[1] *See* Doc. 269-1 at 3 ¶ 8; Doc. 292-8. The HSD Contract is publicly available, *see* Doc. 292 at 5 n.6, and has been referenced extensively during this case. Its disclosure to Lopez, while technically violative of the Protective Order, was harmless.

Attorneys practicing in New Mexico have an obligation to expedite litigation consistent with the interests of their clients. *See* Rule 16-302 NMRA. Siegel and Guilfoyle both failed to effectuate that goal. Siegel could have simply complied with the Protective Order by having Lopez sign an acknowledgement form before he disclosed confidential information to her. On the other hand, Guilfoyle could have avoided this issue by objecting or requesting that Siegel not disclose

---

[1] Defendants do not sufficiently describe these internal documents for the Court to determine their prejudicial value and fail to offer any argument as to actual harm suffered due to the disclosure. *See* Doc. 269 at 5-6.

3

confidential information during the deposition. Through their conduct, the attorneys failed to expedite the litigation of this case on the merits.

In light of his relative culpability, the Court will not award Guilfoyle's fees as requested in the Petition. Guilfoyle failed to do anything to avoid disclosure of confidential material when presented with the opportunity to do so. Awarding his fees as a sanction under Rule 37(b)(2) would not be just and contradicts the Rule's goal of deterring future improper conduct. However, because Siegel bears the bulk of the responsibility for violating the Protective Order, the Court finds it necessary to impose sanctions. The Petition indicates that Temple expended two hours of time preparing the Motion and Petition. Doc. 332-1 at 6. Temple suggests that a rate of $400 per hour is appropriate considering the Court's prior fee awards in this case. Doc. 332 at 5 ¶ 19. Accordingly, the Court will sanction Siegel in the amount of $800, reflecting the two hours spent by Temple at his requested rate.

## CONCLUSION

For the above reasons, the Court grants Defendants' Petition, Doc. 332, to the extent it requests compensation for Temple's fees. The Court sanctions Siegel under Rule 37(b)(2) and directs him to pay Defendants $800. This sum is due within fifteen (15) days of the filing of this order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA