IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAUREEN DEAKIN,
and all others similarly situated,

    Plaintiffs,

v.   Case No. 1:17-cv-00773-MLG-KK

MAGELLAN HEALTH, INC., and
MAGELLAN HSRC, INC.,

    Defendants.

### MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE OF OPT-IN PLAINTIFFS

Between July 19, 2022, and September 12, 2022, seven opt-in plaintiffs ("Opt-Ins")[1] elected to withdraw from the Fair Labor Standards Act ("FLSA") collective action in this case.[2] *See* Doc. 349 at 2; *see generally* Doc. 349-1. Nearly two years later, class Plaintiffs[3] moved to dismiss the Opt-Ins without prejudice and requested a 120-day tolling of their individual wage claims. *See generally* Doc. 348. Defendants oppose that motion and request that the Opt-Ins be dismissed with prejudice because they refused to participate in discovery. *See* Doc. 349 at 2-5. For the reasons explained below, the Court grants Plaintiffs' Motion to Dismiss Without Prejudice of Opt-In Plaintiffs ("Motion") to the extent it seeks dismissal of the opt-in plaintiffs without

---

[1] The seven plaintiffs are Alma Ramirez-Gonzales, Leon Vanasse, Lesley Mitchell, Nicole Whitney, Novlett Lee, Shannon Annison, and Traci Medrano. *See* Doc. 348 at 1-2.

[2] The Court narrowed the FLSA collective action and certified Plaintiffs' Federal Rule of Civil Procedure 23(b)(3) class action in a prior order. *See* Doc. 355. Plaintiffs' instant request only implicates the Opt-Ins as members of the FLSA collective defined in that order.

[3] Plaintiff Maureen Deakin is the sole remaining class Plaintiff. *See* Doc. 355 at 28-29. Because the Motion was filed by the putative class plaintiffs prior to the Court's class certification order, the Court refers to them collectively only for purposes of the current order.

prejudice. Doc. 348 at 4. The Court denies the Motion's request for a 120-day tolling of the relevant statute of limitations. *Id.*

## DISCUSSION

### I. Dismissal Without Prejudice

Plaintiffs' Motion is not their first request to dismiss opt-in plaintiffs. Following the Court's conditional FLSA collective action certification, two opt-in plaintiffs withdrew from the case, and class Plaintiffs moved to dismiss them without prejudice. *See* Doc. 225 at 1. Notably, Defendants did not oppose that motion. *See id.* Shortly thereafter, the Court dismissed the two opt-in plaintiffs without prejudice and tolled the statute of limitations on their affected claims for 120 days from the entry of the order of dismissal. *See* Doc. 229. More dismissals followed as opt-in plaintiffs withdrew; the Court dismissed two more opt-in plaintiffs in October 2022. *See* Doc. 270. Even though the class Plaintiffs sought those dismissals with prejudice, the Court dismissed the two opt-in plaintiffs without prejudice "in order to protect the rights of the Opt-In Plaintiffs to pursue their claims within the appropriate statutory period, and in accordance with the Court's prior procedures for dismissal of opt-in parties[.]" *Id.* at 1-2 ¶ 3. The Court further ordered the parties to "follow the same procedures set forth above with regard to voluntary dismissal of the claims of any Opt-In Plaintiff in the future" absent a showing of good cause, and that absent such a showing, "any future voluntary dismissals similar to those of previously dismissed Opt-In Plaintiffs shall be without prejudice[.]" *Id.* at 2.

The Court's prior ruling is controlling per the law of the case doctrine. *See Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) ("Law of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of

2

a litigation."). Accordingly, to prevail in their request that the Opt-Ins be dismissed with prejudice, Defendants must show that good cause exists to do so.

Defendants argue that good cause exists to dismiss the Opt-Ins with prejudice because they withdrew from the case after their depositions had been noticed, in some instances just hours before the scheduled proceedings. *See* Doc. 349 at 2. The premise being that the Opt-Ins are subject to discovery sanctions for failure to appear at their depositions. *See id.* (citing Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3)). The Court is not persuaded, as the Defendants provide no legal basis to penalize the Opt-Ins for purported discovery violations. Indeed, Defendants have not filed a motion to compel the Opt-Ins to appear at their depositions—a prerequisite for sanctions under Federal Rule of Civil Procedure 37(a). And Defendants have not filed a motion for sanctions under Rule 37(d), which addresses the Court's options when a party fails to attend a deposition.

Critically, Defendants fail to provide any controlling authority stating that an opt-in plaintiff's withdrawal from a case prior to a deposition, absent more, justifies dismissal with prejudice. None of the non-precedential cases Defendants cite are analogous to the current circumstances. *See* Doc. 349 at 3. For instance, in *Porter v. West Side Restaurant, LLC*, No. 13-112, 2014 WL 5430249, at *2 (D. Kan. Oct. 24, 2014), the court dismissed opt-in plaintiffs with prejudice only after the defendants filed a motion to compel and alerted the court to the opt-in plaintiffs' non-compliance with discovery procedures. So too in *Scott v. Raudin McCormick, Inc.*, No. 08-4045, 2010 WL 3125955, at *3-6 (D. Kan. Aug. 6, 2010), where the court dismissed opt-in plaintiffs for serious discovery violations after the defendants filed a timely motion to compel and then sought Rule 37 sanctions. And in *Moore v. Taylor*, 30 F. App'x 632, 633-34 (7th Cir. 2002), the court affirmed dismissal of a case where the plaintiff repeatedly and intentionally refused to comply with the district court's discovery orders. Defendants remaining cases on this

point are similarly inapposite. *See De Falco v. Oak Lawn Pub. Libr.*, 25 F. App'x 455, 457 (7th Cir. 2001) (affirming dismissal where a plaintiff flouted a district court's Rule 37 discovery orders); *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12-cv-5710, 2015 WL 13650775, at *20 (N.D. Ill. March 13, 2015) (granting the defendant's motion to dismiss opt-in plaintiffs with prejudice following their unreasonable failure to answer discovery).

The Court does not find good cause to dismiss the Opt-Ins with prejudice as contemplated in its prior order. Defendants fail to provide any evidence or controlling authority justifying such a dismissal, which is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The Court also declines to consider this issue through the lens of a stale Rule 37 dispute that could have been litigated long before the instant motion. Accordingly, the Court will dismiss the Opt-Ins without prejudice.

## II.   Tolling of Statute of Limitations

The Opt-Ins' request for a 120-day tolling period fares differently. The Court's prior orders did not state that all voluntary opt-in dismissals would be afforded a 120-day tolling period. *See* Doc. 270 at 2 ¶ 6 (providing only that voluntary dismissal would be without prejudice); *see also* Doc. 229 at 1 ¶¶ 1-2 (dismissing two opt-in plaintiffs and providing a tolling period, but not setting any future tolling requirement). The Court also noted in its order narrowing Plaintiffs' FLSA collective that "[t]he statute of limitations is tolled from the day each of the opt-in plaintiffs joins the collective action, and it resumes after the collective action is dismissed." Doc. 355 at 22 (citing *Garcia v. Crossmark, Inc.*, Civ. No. 13-693, 2014 WL 12482623, at *2 (D.N.M. Jan. 29, 2014)). For time beyond the dismissal of the collective action, opt-in plaintiffs must rely on equitable tolling. *See Garcia*, 2014 WL 12482623, at *2. As noted by the Tenth Circuit, equitable tolling is

4

permissible only in "extraordinary circumstances." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (quotation marks omitted).

In this case, the Opt-Ins do not face extraordinary circumstances justifying the requested 120-day tolling period. The Opt-Ins functionally withdrew from this litigation in 2022, over two years ago. *See* Doc. 349 at 2. During that time, they could have pursued their individual FLSA claims, or at the very least, requested that class counsel dismiss them from the current action. There is no indication in the record that they exercised either option. Moreover, Plaintiffs do not identify any controlling authority establishing that the Opt-Ins' current circumstances are extraordinary in any sense of the term. *See* Doc. 352 at 5. And while Plaintiffs argue that denying the tolling period would be unfair to the Opt-Ins, the Court finds the Opt-Ins' choice to wait so long to seek dismissal equally questionable. The Court will, therefore, deny the Opt-Ins' request for a 120-day tolling period.

## CONCLUSION

Plaintiffs' Motion, Doc. 348, is granted in part and denied in part. The seven Opt-Ins identified in the Motion are dismissed without prejudice. *Id.* at 1-2. This dismissal does not affect any relief that may be available to the Opt-Ins to the extent they may be members of the Rule 23(b)(3) class defined in the Court's prior class certification order. *See* Doc. 355 at 28. The request for a 120-day tolling period for the Opt-Ins' potential individual claims is denied.

It is so ordered.

                                                    UNITED STATES DISTRICT JUDGE
                                                    MATTHEW L. GARCIA